Calligan agt. Mix.

---

# SUPREME COURT.

MICHAEL CALLIGAN, Receiver, &c., respondent, agt. STILES MIX, appellant.

Where the *return* of a justice of the peace does *not show* evidence sufficient to sustain the judgment; and where the justice *does not certify that his return contains all the evidence, &c.*, given and had before him; the appellate court will, in support of the judgment, *presume* that there was *other* and *sufficient* evidence given to warrant the judgment.

*Albany General Term, March,* 1856.

*Present,* HARRIS, WATSON *and* GOULD, *Justices.*

APPEAL from the judgment of the county court, affirming the judgment of the Albany justices' court.

Calligan agt. Mix.

J. B. STURTEVANT, *for appellant.*
S. G. COURTNEY, *for respondent.*

By the court—GOULD, Justice.    There is no difference of
opinion, nor any hesitancy, in the court as to the proper decision .
of this cause.    It is entirely plain that there never was any
delivery of the property to Lynch, *accepted by him* so as to make
a sale, on which Mix could have sued him for the price.    And
the decisions of both the .county court, and the Albany justices'
court, must be reversed, and judgment for costs given for the
defendant.

Were this *all* of the case, there would be no occasion to write
any opinion upon it.    But there is a point made, on the part of
the respondent; (and it is the real ground on which the county
court based its decision;) which the court think should be
. directly adjudicated under the provisions of the Code.

It is this: That, upon an appeal to a county court from a
justice's judgment, where the return does *not show* evidence
sufficient to sustain the judgment; and *where the justice does not
certify that his return contains all the evidence, &c., given and had
before him;* the appellate court will, in support of the judgment,
*presume* that there was *other and sufficient* evidence given to
warrant the judgment.

This has been uniformly held, in cases brought up by *certio-
rari;* and there is no occasion to question its propriety; be-
cause, by the statute regulating proceedings under that writ,
(*see* 2 *Rev. Sts., 3d ed., p.* 351, § 181,) it is provided that the
justice, in his return, *shall truly and fully answer to all the facts* ·
*set forth in the affidavit on which the certiorari was allowed.*"
And by the second section thereafter, (§ 183,) it is provided
that the justice may be compelled to " *amend* such return ;"
which compulsory amendment was always treated as so entirely
within the power of the party, (on proper application .to the
court,) that it was considered his own fault if the return did
not, on its face, show that it contained all the proceedings, *if
showing that were essential to him;* especially as, in his affidavit,
he was not bound to set forth, and require answer to, the *whole*

case; but only "the substance" of the proceedings before the justice.

The proceeding by appeal, under the Code, differs essentially from the former proceeding; as is apparent on reading § 360; which provides that the court appealed from shall make a return " *of the testimony, proceedings and judgment.*" And this return is made on a mere notice of appeal.

It is true that § 362 provides (as did the Revised Statutes) for compelling " *an amended return,*" if the return made be defective.

But in the absence of any such *amended* return, or with such amended return, the provision of the former section remains. And whenever (with or without one, or any number of amended returns) *the* return is finally completed, it *must be presumed to be in compliance with the law.* That law is, that the return contains " THE testimony," &c.; which beyond all doubt means the *whole* testimony, &c.; and leaves not the least apology or opportunity for the application of the former rule, above referred to. And it is impossible to retain that rule, under the provision above stated.