WILSON v. ELWOOD and MILLER.(a)

In an action for a tort, tried in 1854, each defendant was, under the provisions of the code then in force, a competent witness for his co-defendant, as to any matter in which he was not jointly interested with or liable with such co-defendant, and as to which a separate and not a joint verdict or judgment could be rendered.

Accordingly *held*, that in an action of trover, against E. and M., where the defendants answered jointly, denying each and every allegation of the complaint, and justifying under a title in E. by virtue of a mortgage from M., the latter was a competent witness for E. upon the question whether E. was guilty of any act in respect to the property in controversy, which would charge him as a tort-feasor; they not being equally interested in that question.

*Held, also*, that a general offer by the counsel who appeared for both defendants "to call M. as a witness," was not to be deemed an offer made in behalf of both defendants, but as an offer to examine him as to matters in which E. was alone interested.

THIS action originated in a justice's court, and was tried in 1854. It was trover, for a quantity of hay. The defendants answered jointly, denying each and every allegation of

(a) Decided at September term, 1862.

the complaint, and also justifying under a title in Elwood, under a mortgage from the other defendant, Miller. The plaintiff proved the purchase of the hay on an execution, in his own favor, issued from a court of a justice of the peace, against the defendant Miller. The defendants proved the mortgage given and filed before the levy on the plaintiff's execution, and gave evidence of the consideration. Evidence was given of the separate acts of the defendants tending to prove an interference with, and a conversion of, the property by them. The return of the justice states: "The defendants' counsel here offered to call the defendant Miller as a witness. Objected to by the plaintiff, as both defendants were equally guilty of the conversion; objection sustained." In an amended return it is stated that the defendants' counsel immediately moved for a warrant as to Miller, so that he might be a witness in the case, which motion was denied, and that the offer of Miller as a witness was urged. The justice gave judgment for the plaintiff, which was reversed by the County Court of Delaware county, and upon appeal to the Supreme Court the latter judgment was reversed and that of the justice affirmed by the court, sitting in the 6th district. The defendants, by leave of the Supreme Court, pursuant to statute, appealed to this court. The cause was submitted upon printed briefs, &c.

*B. R. Johnson,* for the appellants.

*H. F. Davidson,* for the respondent.

ALLEN, J. The only question is upon the exclusion of the defendant Miller as a witness. By the general denial of the allegations of the complaint, every fact necessary to maintain the action was put in issue by each defendant. The conversion of the property by each defendant, as well as the title of the plaintiff, was to be proved, and upon failure to connect either with the taking or conversion, the action

necessarily failed as to the defendant against whom there was no sufficient evidence.  The cause of action was several as well as joint, and one might have been acquitted and the other convicted.  At the time of the trial (1854) a party might be examined in behalf of his co-plaintiff, or of a co-defendant, as to any matter in which he was not jointly interested or liable with such co-plaintiff or co-defendant, and as to which a separate and not joint verdict or judgment could be rendered.  (Code, § 397, as amended in 1852.)

In actions of tort each defendant, under this provision, was a competent witness for his co-defendant.  In such case the witness was sworn generally in the cause, and the examination restricted to such matters as concerned only the party in whose behalf he was called, and in which the party under examination was not interested.  (*Beal* v. *Finch,* 1 Kern. 128; *Dean* v. *Thornton,* 3 id. 266.)  Upon the question whether Elwood was guilty of any act in respect to the property in controversy, which would charge him as a tort-feasor, his co-defendant Miller was clearly competent as a witness; for in that question they were not equally interested.  Both were interested equally in the validity of the mortgage and the value of the property as the measure of damages, but neither was interested with the other on the question of his guilt or innocence of the tort complained of.

But the form of the offer was criticised in the Supreme Court, and upon that criticism the judgment of the County Court was reversed.  There was certainly no very strong equity in the plaintiff's case, calling for the enforcement of any stringent rules of construction in his behalf, in furtherance of justice.  In satisfaction of a judgment for less than twenty dollars he had recovered a judgment for seventy dollars against another, also claiming as a creditor to a much larger amount, and upon a security good in form and not very suspicious in character, although upon the question of fraud the judgment of the justice is conclusive here.  But in reviewing proceedings before justices of the peace it is the

province of the court to give them, and all the acts of the parties upon the trial, a fair and reasonable construction, such as it may be supposed was intended by the parties or understood by the court, and so as to save and not destroy the rights of parties. We are not to look for the same precision, either in offers of or objections to evidence, nor the same care in noting them that we may expect upon trials in a court of record or on a formal bill of exceptions. *Brown* v. *Richardson*, (20 N. Y. Rep. 472,) was tried in the Superior Court of the city of New York. The assignee of the demand in suit had been called and examined as a witness for the plaintiff, which entitled the defendant, as the law then stood, "to offer himself as a witness to the same matter in his own behalf," and to be so received. (Code, § 399, as amended in 1851.) The defendant offered himself "generally as a witness in his own behalf," as is stated in the bill of exceptions, and was, upon objection by the plaintiff, excluded. The same objection to the offer was urged upon the appeal, in support of the judgment, that is urged here, to wit, that it was too general; that the defendant was not a witness generally in the cause and should not have been so offered, and as the offer as made was erroneous the judgment should be affirmed. But this court repudiated that claim, and unanimously reversed the judgment. The argument of Judge SELDEN, by whom the opinion of the court was delivered, is entirely appropriate to this case, and the application of the same principles and rules of interpretation to the case in hand, would lead to a reversal of the judgment of the Supreme Court and an affirmance of that of the County Court. The counsel for the defendants made the offer. Both appeared by the same counsel, and it is not necessarily to be supposed that the offer was made in behalf of both defendants. As the law then stood a defendant could not be a witness in his own behalf, but could as to certain matters in behalf of his co-defendant. The action was one in which the offered witness was competent for his co-defendant, and

in the language of Judge SELDEN, "it is hardly probable therefore" that the offer could have been in behalf of both defendants. He was entitled to be sworn, and the question upon the restriction of his testimony would properly arise upon his examination. The exclusion of the witness can only be justified by showing that the defendants expressly claimed that the witness should be sworn and examined on his own behalf, as well as on behalf of his co-defendant, and without restriction or limit as to the subject matter of his examination; waiving the right to examine him in favor of his co-defendant and upon the matters authorized by statute. This does not appear; but on the contrary the whole return shows that the offer was in truth, and understood by the plaintiff and by the justice, to be an offer to examine him as to matters in which the defendant Elwood was alone interested. The objection of the plaintiff, which was sustained by the court, was that "both defendants were equally guilty of the conversion;" that is, that there was no matter or question involved in which the offered witness was not equally interested with his co-defendant, in whose behalf he was offered. The evident understanding of all concerned was that he was offered on behalf of his co-defendant, and hence the allegation, sustained by the decision of the court, that they were found to be joint actors in the conversion, and that therefore one could not be called to exculpate the other, which is directly in conflict with *Beal* v. *Finch* and *Dean* v. *Thornton*. Immediately upon the exclusion of the witness an attempt was made to procure the discharge of Miller, so that he could then be sworn and examined for Elwood. The offer of Miller as a witness being persisted in, all showing conclusively that the offer was made and understood to be made under the 397th section of the code. The witness was not excluded because offered for both defendants, and the judgment ought not to be sustained upon that ground, which evidently did not occur to the parties, to the justice or the County Court. It would be grossly unjust to deprive the

party of his rights which were brought to the attention of the court with greater distinctness and more formality than is usual in a justice's court, and certainly with all the precision which was held sufficient in a court of record, by this court in *Brown* v. *Richardson*, upon the very strict and critical interpretation put upon the language of the return by the Supreme Court. The judgment of the Supreme Court should be reversed and that of the county court affirmed.

DENIO, Ch. J., SELDEN, GOULD and SUTHERLAND, Justices, concurring,

Ordered accordingly.