CHARLES E. PAYSON

*v.*

JOHN EVERETT.

Under *Sections* 127 & 130, *Chapter* 59, *page* 516, *Pub. Stat.* (nothing appearing to the contrary,) the presumption would be that a return made by a Justice of the Peace, in answer to a *certiorari*, contained all the testimony introduced on the trial before him, A certificate at the close of the report of testimony in these words, viz: "The above is all the testimony." *Held* sufficient.

One issue before the Justice related to the character of a certain bank bill. *Held,* that bank note detectors are not competent evidence to prove its worthlessness. *Held, also,* that the opinion of a witness not professing to be an expert in such matters, was not competent to show the worthlessness of said bill.

*Held,* that the taxation of defendant's costs in a judgment against him, is erroneous.

*Held,* that testimony offered to prove that defendant had passed a twenty dollar bill of bad money and been taken up for it, had no tendency to show that the bill in question in the case was bad or worthless, and was incompetent.

*Held,* that the figures 30.65 given as the amount of the items of costs by the

Justice (being the amount of the items of costs as entered on the docket) were equivalent to $30.65. *Held, further*, that the omission of the Justice to enter a statement of the plaintiff's demand in his docket (written pleadings being filed) did not affect the validity of the judgment.

This action was commenced before a Justice of the Peace in Wright County, to recover the amount alleged to have been paid in exchange for a bank bill which plaintiff received from defendant as good money, but which he alleges was worthless. The case was tried by a jury who found a verdict for the plaintiff, and judgment was entered thereon. The defendant removed the cause to the District Court for that county by writ of certiorari. The evidence on the part of the plaintiff on the question of the worthlessness of the bill which was an issue in the cause as appears by the return of the Justice, and which was received under objection was as follows: the plaintiff introduced certain pamphlets commonly known as "Bank Note Detectors." To H. W. Wright, a witness for plaintiff, the following question was put: "Do you know of defendant's passing a $20 bill of bad money and being taken up for it?" and the witness answered "yes, Mr. Everett passed a $20 bill on Mr. Cater." T. E. Mealey, witness for plaintiff, said "I am somewhat acquainted with the currency of the country. I do not consider myself an expert in money, according to the strict definition of the term." Witness was then asked by plaintiff after the bill in question was shown him: "Please state your opinion as to the value of the bill." Answer, "It is my opinion that the bill is worthless." The Justice in his return after giving the testimony introduced says, "The above is all the testimony." The pleadings were in writing. It does not appear from the return that the Justice made a statement of the plaintiff's demand in his docket as required by *Sub-division* 11, *Sec.* 9, *Chap.* 59, *Pub. Stat.* In the entry of judgment in the Jus-

tice's docket the amount of the costs is put in figures thus, "30.65" without the dollar sign, and the items of cost are put in the margin which foot up $30.65. In the taxation of costs the fees of the defendant's own witnesses were taxed and entered with the other costs in the judgment. The District Court affirmed the judgment after deducting therefrom the amount of defendant's own costs thus taxed.

Defendant appeals to this Court.

H. L. GORDON for Appellant.

R. F. CROWELL for Respondent.

*By the Court.*—BERRY, J. By *Sections* 127 & 130, *Chapt.* 59, *page* 516, *Pub. Stat.*, a Justice of the Peace was required in answer to a *certiorari*, to make return of "all the testimony and proceedings in the case." Under the familiar rule by which a public officer is presumed to have done his duty, the presumption would be (nothing appearing to the contrary) that a return in any given case was made in compliance with the law, and therefore contained "all the testimony." We think the learned Judge below, erred in assuming that in the absence of a certificate from the Justice, stating that his return *did contain* all the testimony, the presumption would be that evidence other than what appears on the return and sufficient to sustain the verdict, was presented before the Justice. *Prosser vs. Secor*, 5 *Barb.* (*S. C.*) 610, relied upon by the Court below to sustain the view taken, as to the matter of presumption, related to a statute materially differing from our own. But a statute subsequently passed in New York, and quite similar so far as this point is concerned, to sections 127 and 130 above referred to, has received the construction which we put upon these sections. *Calligan vs. Mix*, 12

*How. Pr.* 495; *Orcutt vs. Cahill,* 24 *N. Y.,* 582; 26 *N. Y.* 488. We observe also at the close of the Justice's report of testimony the following words, viz: "The above is all the testimony." Though this is neither a formal nor full certificate, we think that the liberality of construction ordinarily exercised, for the purpose of upholding the acts of Justices of the Peace, would require us to hold it sufficient, if any such certificate was necessary. *Wilson vs. Elwood,* 28 *N. Y.,* 120. On the basis therefore that the testimony returned by the Justice, was all the testimony in the case, we have to enquire whether there was any competent evidence to sustain the verdict. To prove the worthlessness of the bank bill, a point material in the case, the plaintiff below introduced, against objections, certain pamphlets commonly known as Bank Note Detectors. These were manifestly inadmissible, for they are merely the opinions or statements of the writers or publishers, not given under the sanction of an oath nor with any opportunity for cross-examination. They stand upon no better footing than the opinions or statements of medical writers even of standard reputation, which are not allowed to be read to a jury. *Ashworth vs. Kitherege,* 12 *Cush.* 193; *Com vs. Wilson,* 1 *Gray,* 338; *Collier vs. Simpson,* 5 *C. & P.* 73. The only other evidence offered to establish the worthlessness of the bill was the testimony of Mealey, who says, "I am somewhat acquainted with the currency of the country." (This almost any man might say.) "I do not consider myself an expert in money according to the strict definition of the term." "It is my opinion that the bill is worthless." This opinion was received under objection. As Mealey does not show himself qualified, or rather shows himself not qualified, to express any opinion upon the character of the bill, we cannot perceive that his testimony is entitled to any consideration. These attempts to prove the worthlessness of the bill

were clearly futile, and had there been other testimony to the same point (and we discover none) the admission of this incompetent evidence, bearing as it did directly upon questions material in the case, would have called for a reversal of the Justice's judgment unless it was clear that such incompetent evidence could not have affected the result. *Hahn vs. Van Doren*, 1 *E. D. Smith* 411; *Mc Allister vs. Sexton*, 4 *Ib.* 41.

As to the taxation of the defendant's costs against him by the Justice, that was clearly erroneous as held below.

The testimony of H. W. Wright introduced to prove that the defendant (appellant) had passed a $20 bill of bad money and been "taken up for it" was also incompetent. It had no tendency to show that the bill in question in this action was bad or worthless. Testimony of this nature is sometimes admitted to show *guilty knowledge* on the part of a party charged with uttering counterfeit money, but not for the purpose of showing that the money uttered was counterfeit. 3 *Gr. Ev.*, Sec. 111, *Com. vs. Stone*, 4 *Met.* 47. It sufficiently appears that the figures 30.65 given as the amount of the costs by the Justice were intended for $30.65. The items composing this sum are entered on the docket and nobody could be misled. The omission on the part of the Justice to make a statement of the plaintiff's demand, &c., on his docket as required by *Sub-div.* 4, Sec. 7, *Chapt.* 59, *page* 499, *Pub. Stat.*, could not affect the validity of the judgment, especially when the pleadings were in writing and filed as in this case. *See Hall vs. Tuttle*, 6 *Hill*, 42; *Humphrey vs. Persons*, 23 *Barb.* (S. C.) 318; *Robbins vs. Gorham*, 25 *N. Y.* 595. But for reasons before given the judgment of the District Court must be reversed and the action remanded.