ALFRED H. HEDDERLY *vs.* HENRY DOWNS and another.

October 22, 1883.

Contract—Joint Obligees—Parties Plaintiff—Complaint aided by Answer.—*Prima facie*, all the obligees must join in an action for breach of a contract running to them jointly. No understanding between the obligees prior to the making of the contract can affect this rule. If any fact takes a case out of the rule, it should be alleged in the complaint; but a defect in this respect may be cured by an allegation in the answer. If one of several joint obligees decease, the right of action is in the survivors only.

Plaintiff brought this action against Henry Downs and James Baxter, in the district court for Hennepin county, alleging in his complaint the making of a contract between himself and the defendants,

whereby he granted and permitted to the defendants the right to quarry and remove stone from certain premises, and the defendants agreed to pay him for the stone removed at a specified rate, and that there was due him, under the contract, for stone so removed, the sum of $3,502.35, for which sum judgment was demanded.

The answer of defendant James Baxter (being the only answer interposed) denies the making of any contract with the plaintiff, excepting a contract with the plaintiff and one Edwin Hedderly, jointly, for the same purposes and of the same tenor as that pleaded in the complaint, alleges the decease of Edwin Hedderly prior to the commencement of this action, pleads a defect of parties, and sets up various defences on the merits. The reply admits the decease of Edwin Hedderly, alleges "that the certain contract and agreement mentioned in the complaint and in said answer was made under and in accordance with" the following agreement, viz. :

"MINNEAPOLIS, MINN., July 23rd, 1879.

"In consideration of $1.00, to me in hand paid, I agree to give A. H. Hedderly an undivided one-half interest in my homestead on Bluff street, over and above a $6,000 mortgage, with power to make contracts and agreements, subject to my approval; he to have possession and to divide net income from this date. This memorandum pending a legal agreement to be drawn by an attorney.

"E. HEDDERLY.
"A. H. HEDDERLY."

On the trial, before Young, J., and a jury, the defendant Baxter moved to dismiss, on the ground of defect of parties plaintiff, which motion was denied. Plaintiff then offered in evidence the above agreement between himself and E. Hedderly, which was received against defendant's objection that it was incompetent and immaterial under the pleadings. Plaintiff also offered in evidence a written contract between himself and E. Hedderly of the first part, and the defendants of the second part, signed, sealed and executed by all the parties thereto, by which contract the plaintiff and E. Hedderly leased to the defendants the premises described in the above agreement, and gave them the right to quarry and remove stone, they agreeing to pay

therefor at a rate specified.    Before offering this agreement in evidence, the plaintiff had testified that all dealings between the parties to the contract had been carried on between himself and the defendants alone; that E. Hedderly, plaintiff's father, had left the matter entirely with him; that he had collected and received all payments, and given all receipts in his own name, and that defendants never claimed to know anybody else in the matter excepting himself.    The contract was received in evidence against the objection that it was incompetent and not the contract described in the complaint.    Plaintiff had a verdict, a motion for a new trial was denied, and defendant Baxter appeals from the judgment and from the order refusing a new trial.

*Robinson & Bartleson,* for appellant.

Defendant was entitled to a dismissal, it appearing that there was a fatal variance between the contract pleaded and the contract offered in evidence.    1 Greenleaf on Ev. § 66; 2 Id. §§ 11–15, 160; Pomeroy on Remedies, §§ 4–7, 553; 1 Phillips on Ev. 837–845; *Hansel* v. *Morris,* 1 Blackf. 307; *Ehle* v. *Purdy,* 6 Wend. 629.

*Secombe, Sutherland & Herring,* for respondent.

BERRY, J.    This action is founded upon a sealed agreement between plaintiff and one E. Hedderly, jointly, as parties of the first part, and defendants, jointly, as parties of the second.    *Prima facie,* then, any action upon it against defendants should be brought by the Hedderlys jointly, for, the cause of action being joint, the action must be joint also.    Dicey on Parties, 11, 104.    If anything has occurred to take the case out of this general rule, it should be alleged in the complaint and proved; but no understanding between the Hedderlys prior to the execution of the agreement could have any such effect, for the fact would still be that the agreement was made by and to them jointly.    But if one of two joint parties upon the same side of a contract decease, the survivor, and he alone, can maintain an action on behalf of that side.    1 Chit. Pl. 19; *Freeman* v. *Curran,* 1 Minn. 144, (169;) Dicey on Parties, 128; Pom. Rem. § 126; *Bucknam* v. *Brett,* 35 Barb. 596; *Daby* v. *Ericsson,* 45 N. Y. 786; 1 Wait, Pr. 147.

In the case at bar the agreement ran to the Hedderlys jointly; but, one of them having deceased, the survivor—the plaintiff—is the

proper party to bring an action thereon against defendants. Regularly, the plaintiff should have alleged the decease of E. Hedderly in the complaint, but his failure to do so is remedied by an allegation of the fact in the answer. *Bennett* v. *Phelps*, 12 Minn. 216, (326;) *Shartle* v. *City of Minneapolis*, 17 Minn. 284, (308;) *Rollins* v. *St. Paul Lumber Co.*, 21 Minn. 5; *Warner* v. *Lockerby*, 28 Minn. 28; *Lesher* v. *Getman*, 30 Minn. 321.

Upon the conceded facts of the case, this action was, then, properly brought by the plaintiff alone, upon the contract made by and with the two Hedderlys jointly. The case would appear to have been tried below and argued here upon notions of the law somewhat differing from those which we have expressed, and for that reason evidence was introduced, which, from our standpoint, was improper, but which was also immaterial and harmless.

Order and judgment affirmed.