CARL NORTHNESS and Another v. IVER I. HILLESTAD.[1]

October 31, 1902.

Nos. 13,274—(76).

Farm Contract—Conversion.

Plaintiffs and defendant entered into a contract by the terms of which
plaintiffs agreed to till and farm land owned by defendant in accordance
with the conditions and stipulations of the agreement, to raise certain
crops thereon, and in the proper season to harvest and secure the same,

[1] Reported in 91 N. W. 1112.

in consideration of which, and upon a compliance with all the terms of the contract, plaintiffs were to have one-half of all crops raised and harvested. Certain crops were raised upon the land under the contract, all of which defendant received and converted into money, and refused, upon demand, to pay over any portion thereof to plaintiffs. *Held* that, upon full compliance with the terms of the contract, plaintiffs became the absolute owners of one-half of all crops so raised by them, entitled to the possession of the same or the proceeds thereof, and defendant, having appropriated the same to his own use, is liable in conversion.

## Joint Contract—Action by Survivor.

Where one of two joint parties upon the same side of a contract dies, the survivor may prosecute an action in his own name to the same extent as may be done by a surviving co-partner.

## Pleading—Evidence.

Complaint construed, and *held* to constitute a cause of action. The evidence is *held* to sustain the verdict of the jury.

Appeal by defendant from an order of the district court for Polk county, Watts, J., denying a motion for a new trial. Affirmed.

*J. A. Hendricks,* for appellant.

*B. S. Bennett,* for respondents.

BROWN, J.

This action was brought to recover the sum of $120.91—the proceeds of certain crops raised by plaintiffs, under the terms of a farm contract, upon land owned by defendant, and alleged to have been wrongfully converted by defendant to his own use. Plaintiffs had a verdict in the court below, and defendant appealed from an order denying his motion for a new trial.

1. Taking the points made by appellant in an orderly way, we come first to the question whether the complaint states facts sufficient to constitute a cause of action. It alleges in general terms that the parties entered into an agreement in writing (a copy was attached and made part of the complaint), 'by which plaintiffs undertook and agreed to farm and cultivate defendant's land pursuant to the terms and conditions of the writing; that plaintiffs tilled and cultivated the same during the season of 1901 in a good,

farmer-like manner, in accordance with the agreement, and in compliance with each and every of the covenants therein required of them to be kept and performed; that at the close of the season defendant took possession of, and caused to be sold, the grains and crops raised upon the land, and received therefor the sum of $781.42, of which sum one-half, according to the stipulations of the contract, belonged to plaintiffs; that after paying all advances made by defendant, and other indebtedness owing to him by plaintiffs, the payment of which from their share of the crops was secured by the terms of the contract, there remained in the hands of defendant the sum of $120.91; that said sum is due and owing to plaintiffs from defendant; and that plaintiffs duly demanded the same of him.

The contract between the parties is the ordinary farm agreement now generally in use in this state, and need not be set out in this opinion. There can be no serious question but that, under the terms and conditions of the contract between the parties, one-half of all grain and crops raised thereunder became the property of and belonged to the plaintiffs upon a full compliance by them with the terms and conditions of the agreement, conceding that prior to such performance the title remained in defendant, the landowner, as security for such performance. The complaint distinctly alleges the full performance of those conditions by plaintiffs, and shows a right in them to demand and receive their share of the crops. Defendant converted the crops into money, and is clearly liable to plaintiffs for their share; and the complaint shows a right of recovery, either as for a conversion, or as for money had and received. It is not important whether the recovery be had upon one ground or the other. Morish v. Mountain, 22 Minn. 564. Nor is it material, in the present state of the action, whether defendant converted the crops into money with or without the consent of plaintiffs; if with their consent, the subsequent demand for the payment of plaintiffs' share, and defendant's refusal, constituted a conversion; if without their consent, defendant's act was wrongful, for the contract between the parties gave him no right to dispose of plaintiffs' share, but, on the contrary, he was

required thereby to deliver the same to plaintiffs upon full performance of the agreement. Of course, if there was a failure on the part of plaintiffs to comply with some substantial provision of the contract, quite a different question would be presented. But the complaint alleges a full and complete performance, and that fact vested in plaintiffs an absolute right to their share of the crops.

2. Subsequent to the commencement of the action, plaintiff John J. Northness died, but the trial court permitted the action to proceed in the name of the surviving plaintiff, and of this defendant complains; it being urged in support of the objection that there was a defect of parties plaintiff, and that the heirs or personal representative of the deceased party should have been substituted in his stead. It was not necessary to so proceed in this case. The parties were jointly interested in the contract, were joint owners of the crops raised thereunder, and the court was justified in permitting the action to proceed in the name of the surviving joint owner. It was held in Hedderly v. Downs, 31 Minn. 183, 17 N. W. 274, that, if one of two joint parties upon the same side of a contract decease, the survivor, and he alone, can maintain an action on behalf of that side. That case is in point, and is controlling. Though there is no allegation in the complaint or direct proof that plaintiffs were copartners, it does conclusively appear from the contract itself that they were jointly concerned and interested in the contract, and the case is brought clearly within the rule of the case just cited. It is not fatal to the complaint that plaintiffs' ownership of the funds sought to be recovered is alleged in the present tense, for the whole pleading shows an ownership in them prior to the commencement of the action, and at the time of the alleged conversion. The case of Smith v. Force, 31 Minn. 119, 16 N. W. 704, is not, therefore, in point.

3. The defendant pleaded in defense to the action that plaintiffs failed to perform the contract, in that they neglected to cut some forty acres of meadow; and it is claimed that, because of this neglect and failure, defendant was entitled to damages to the extent of one-half of the value of the hay which should have been

cut and secured. Whether the plaintiffs failed in this respect was practically the only question of fact submitted to the jury in the court below. Plaintiffs claimed on the trial that they cut all the hay upon the premises which could be cut, and that the forty acres complained of by defendant were so wet and swampy, by reason of heavy rains during the season, that it was impossible to go upon it with teams or mower, and that for this reason, and this reason only, plaintiffs failed to cut the same. The jury found in plaintiffs' favor upon this question, to the effect that the land could not be mowed for the reason assigned by plaintiffs, and the contention on the part of defendant is that the verdict is wholly unsupported by the evidence. We have examined the record with care, and reach the conclusion that the verdict of the jury must be sustained. There is evidence reasonably tending to support the contention of plaintiffs, and the showing made by defendant is insufficient to warrant this court in vacating a verdict which has been approved by the trial court. The contention of defendant that plaintiffs forfeited all rights under the contract by the failure to cut the hay is disposed of by the verdict of the jury to the effect that they fully performed the contract in this respect.

The other assignments of error have all been examined, and we find nothing on which to base an order of reversal, and the order appealed from is affirmed.