EMMA HUMPHREYS v. GEORGE H. SHELLENBERGER.[1]

May 22, 1903.

Nos. 13,389—(94).

Value of Land.

> Where it becomes necessary to establish the value of land in an action
> for failure to convey, and the value has been estimated by parcels in the
> terms of a contract, such estimation is prima facie evidence thereof, and
> sufficient to support a finding based thereon in the absence of other
> proof.

Evidence—Written Contract.

> Evidence in this case considered, and held, that it reasonably tends to
> support the findings of the trial court to the effect that a written contract
> expressed the intention of the parties, and that there was no material
> omission therein through mutual mistake.

Reformation of Instrument.

> Held, further, that the findings of the court are sufficiently sustained
> by the evidence to justify the conclusions of law that the relief asked
> in defendant's counterclaim seeking a reformation of a written agree-
> ment was properly denied, and that plaintiff was entitled to the damages
> claimed in the complaint.

Appeal by defendant from an order of the district court for
Ramsey county, Kelly, J., denying a motion for a new trial. Af-
firmed.

*Shellenberger & Bryan,* for appellant.

*Keith, Evans, Thompson & Fairchild,* for respondent.

LOVELY, J.

Action to recover damages for the alleged failure of defendant
to fully execute a contract to convey real estate. The cause was
tried to the court, who made findings and ordered judgment for
the plaintiff for the amount claimed in the complaint. A new trial
was refused, and defendant appeals.

The complaint substantially shows that, under a written con-
tract executed by both parties, the plaintiff, for the sum of $15,000,

[1] Reported in 94 N. W. 1083.

was to convey to defendant by deed of warranty within fifteen days thereafter a number of parcels of land in Anoka county. Defendant agreed to pay plaintiff $1,000 in cash at the time of the delivery of the deed, also to convey to her certain parcels of land in Norman county and lands in North Dakota at an estimated price per acre, with the further choice of other lands described in the contract, at the option and selection of the plaintiff, to be made within ten days from the date of the contract, to be accepted at a specified price named in the same, which, together with the Norman county land, would make up in the aggregate the sum of $14,000. Then follows a description of the lands from which the plaintiff might exercise her choice, with the estimated value thereof per acre.

Plaintiff performed her part of the contract, and made the deed of the Anoka county land to defendant. Defendant accepted the deed, and paid $1,000 in cash to plaintiff, conveying to her the Norman county land and land in North Dakota sufficient in all, with the cash received by her, to amount to $12,908.64 at the values stipulated, but declined to convey any other land because none of the pieces at the prices named in the contract could be made to correspond with any quarter or other governmental subdivision at its agreed value as estimated in the contract for that purpose, unless plaintiff would give a mortgage back for the excess. Plaintiff then demanded that defendant convey to her 72.7 acres by metes and bounds from one of the quarter sections which was designated as the subject of her choice in the contract, at the fixed value therein of $15 per acre, which would amount to the sum of $1,091.36, thus making up the sum agreed as the total value of the lands to be conveyed to plaintiff. Upon refusal to comply with this demand, plaintiff commenced this action.

Defendant admitted the contract, but set forth by way of counterclaim that through mistake of the parties a provision was omitted therefrom providing for the contingency that arose here, viz., the necessity of subdividing a designated parcel of the lands named in the contract from which plaintiff might exercise her choice, if she demanded enough of it to make up the balance of

the $14,000, unless plaintiff would give security by first mortgage thereon for the difference between it and the value of the, tract she desired, and asked for a reformation of the contract in that respect, with a denial of other allegations in the complaint. The new matter pleaded was denied, and the first material question before us on this review is whether there was such a mutual mistake between the parties as required reformation of this agreement.

The trial court, having heard the evidence to support these issues, made findings of fact to the effect that the allegations of the complaint were true, and that the allegations of fact upon which the claim for reformation of the contract had been based had not been sustained; holding, as a conclusion of law, that plaintiff was entitled to judgment for the sum of $1,090.50, with interest thereon.

A review of the evidence at the trial satisfies us that there was. no such clear and convincing proof of a mistake by the parties in the respect claimed by the defendant under the rules of law as required a reformation of the contract; hence this conclusion of law was not so palpably against the weight of evidence as to justify our interference in this respect.

In the contract, which was pleaded in the complaint and admitted in the answer, the estimated value per acre of certain sections. of land and other government subdivisions was specifically designated and agreed to, which was the only proof at the trial of their value. It is contended by defendant that the court had no right to treat such estimation of values as evidence of the same, for the purpose of fixing the damages, which would, if so adopted, amount to the sum for which judgment was ordered, and which by the agreement defendant was bound to pay after having refused to, convey. It must be admitted that the damages in such a case would be the value of the land plaintiff was entitled to select, and for which defendant refused a conveyance, and would be open to proof, yet in the absence of any other showing in that regard we have no doubt that the court might treat the values fixed in the contract as competent evidence to establish the same prima facie;

and it follows, since the finding, by which such amount was esti-
mated accurately, upon the agreed price per acre of the portion
properly selected, was the only evidence of damages, it was suffi-
cient for that purpose. Bennett v. Phelps, 12 Minn. 216 (326).

Order of the trial court is affirmed.