### JOHANNA SEMPER v. JOSEPH H. COATES.[1]

July 22, 1904.

Nos. 13,922—(167).

**Will—Life Estate.**

A will bequeathing certain property to A., containing the following clause, construed:

"For him and to his use during the full term and period of his life, with full power and authority to sell the whole or any part thereof for such sum or sums and on such terms as he may see fit. It being my wish and desire that he shall not be in any manner restricted in the use and disposal of my property as long as he may live."

*Held*, that a life estate is thereby vested in A., with power of alienation, for a valuable consideration, during his life.

**Husband and Wife—Joint Tenancy.**

Estates by entireties and joint tenancies, with right of survivorship in favor of the husband surviving his wife, do not exist as applied to real and personal property jointly owned by them.

**Survival of Cause of Action.**

Following Hedderly v. Downs, 31 Minn. 183, and Northness v. Hillestad, 87 Minn. 304, a right to maintain an action upon an obligation in favor of joint payees survives upon the same basis as in the case of copartners.

**Same—Assignment.**

Such right of action may be transferred by the survivor of a joint payee to an assignee.

Action in the district court for Benton county to recover $2,879.50 and interest upon a promissory note. The case was tried before Searle, J., who directed a verdict in favor of defendant. From an order deny-

---

[1] Reported in 100 N. W. 662.

ing a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Reversed, and new trial ordered.

*Reynolds & Roeser,* for appellant.

The Minnesota statute (G. S. 1894, c. 44) is a complete code on the subject of powers and is applicable to personal as well as to real estate. Cutting v. Cutting, 86 N. Y. 522; Hutton v. Benkard, 92 N. Y. 295. Where the owner of a life estate is also given the power to devise the fee or to sell or dispose of the same, he is possessed of an absolute power of disposition, under the statute, which need not be exercised in the manner prescribed by the instrument creating it but may be exercised in any manner the donee chooses. Hershey v. Meeker Co. Bank, 71 Minn. 255; Ashton v. Great Northern Ry. Co., 78 Minn. 201; Hume v. Randall, 141 N. Y. 499; Deegan v. Wade, 144 N. Y. 573; Auer v. Brown (Wis.) 98 N. W. 966. Plaintiff took as purchaser the residue of the estate of Fannie Semper. Strough v. Wilder, 119 N. Y. 530; Stamm v. Bostwick, 122 N. Y. 48; In re Estate of Gill, 79 Ia. 296; Bennett v. Hibbert, 88 Ia. 154; G. S. 1894, § 4389.

*Stewart & Brower,* for respondent.

DOUGLAS, J.

Appeal from an order of the district court denying plaintiff's alternative motion for judgment notwithstanding the verdict, or for a new trial. This action is brought to recover upon a promissory note executed by defendant, payable to the order of William and Fannie Semper, who were then husband and wife. After the death of Fannie Semper the possession of the note continued in William Semper until a few days before his death, in 1901, when it appears he delivered the same to his wife, plaintiff herein. The evidence bearing upon the transfer of the note without indorsement is meager. Plaintiff testifies that she had advanced to her husband $750, and, upon receiving this note from his attorney, that he gave it to her. She was not permitted to testify as to conversation between herself and her husband. A neighbor testified that about this time William Semper stated to him that it was his intention to turn the note over to his wife. A large number of payments were made from time to time upon the note, and it is claimed on behalf of defendant that such payments were made in discharge of that branch of the joint obligation representing the share of the note due to

William Semper, and that that part of the obligation due to the executor of the estate of Fannie Semper is barred by limitation.

It appears that the executor was duly appointed and qualified in the matter of the estate of Fannie Semper, but that the last will and testament of William Semper had not been probated at the time of the beginning of this action. By her last will and testament, Fannie Semper devised and bequeathed to said William Semper, with certain special exceptions, all her property, both real and personal, subject to the following limitations:

> For him and to his use during the full term and period of his life, with full power and authority to sell the whole or any part thereof for such sum or sums and on such terms as he may see fit. It being my wish and desire that he shall not be in any manner restricted in the use and disposal of my property as long as he may live.

The property remaining in his hands at the time of his death was bequeathed to others.

Estates by entireties, as known at the common law, have never been recognized in this state. Wilson v. Wilson, 43 Minn. 398, 45 N. W. 710. And we are of the opinion that the married women's acts must be construed as striking down all rights of survivorship or interest in joint property, whether real or personal, held by husband and wife, by whatsoever name such estate may be called. They now stand, so far as survivorship is concerned, on the same basis, with reference to the ownership and possession of property, that each occupies to strangers. Cooper v. Cooper, 76 Ill. 57; Clark v. Clark, 56 N. H. 105; Robinson's Appeal, 88 Me. 17, 33 Atl. 652. See also In re Albrecht, 136 N. Y. 91, 32 N. E. 632; Wait v. Bovee, 35 Mich. 425.

It appearing that William Semper survived Annie Semper, the other joint payee of said note, and that such note remained in his possession, we are of the opinion—following Hedderly v. Downs, 31 Minn. 183, 17 N. W. 274, and Northness v. Hillestad, 87 Minn. 304, 91 N. W. 1112—that a right of action survived to him thereon. This rule prevails elsewhere, under statutes similar to ours. Indiana v. Adamson, 114 Ind. 282, 15 N. E. 5. See also Daniel, Neg. Inst. § 1183a; Allen v. Tate, 58 Miss. 585; Martin v. McReynolds, 6 Mich. 70; Lannay v. Wilson,

30 Md. 536. Such right of action by the survivor of a joint payee to recover upon this obligation stands upon the same basis as it would, had William Semper held, as survivor, a joint obligation due to himself and a stranger. While such a right of action survives, it follows that a recovery would be for the use and benefit of those legally entitled thereto. In this respect the rule applicable to copartners prevails.

We construe the will of Fannie Semper as vesting in William Semper a life estate only in personal property owned by her, with power to sell and dispose of the same, in his discretion, for a valuable consideration, during his life. It does not appear, however, from the evidence introduced, that William Semper exercised this power. Smith v. Bell, 6 Pet. 68.

We are also of the opinion the record presents evidence tending to show that he transferred his own interest in such note to his wife, Johanna Semper, shortly prior to his death. Tullis v. Fridley, 9 Minn. 68 (79).

Assuming that a right of action exists in favor of the survivor of a joint payee of a promissory note, we have only to inquire whether such right of action survives to an assignee of such interest. If it does, the court erred in directing the jury to find a verdict in favor of defendant. Upon this question, we are of the opinion that a distinction cannot be drawn between such a joint payee and an assignee of his interest; and, applying the rule adopted, and for the reasons suggested, in the cases of Hedderly v. Downs and Northness v. Hillestad, supra, plaintiff may maintain an action against defendant for the amount due upon the note in controversy, provided she sustains by competent evidence her claim of ownership of an undivided interest therein. It follows, if recovery is had, she will hold in trust for the executor of the estate of Fannie Semper the amount due to said executor.

Our conclusion, briefly summarized, is that, while the title to property owned jointly does not survive to the husband or wife, still a right of action does survive and remain in the joint owner of a promissory note, in favor of the holder thereof, after the death of his copayee, and that such right of action may be transferred to a purchaser, who in turn may maintain an action thereon. Whether the court, upon objection timely made, suggesting a defect of parties, or upon petition, would per-

mit or require the joinder of other parties, either plaintiff or defendant, is not before us.

It follows that the order appealed from is reversed, and a new trial granted.