EDGAR G. MONDOU *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

\* Third Judicial District, New Haven, June Term, 1909.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

*Hoxie v. New York, N. H. & H. R. Co., ante,* p. 352, reaffirmed and followed.
A railroad company owes an absolute duty to its train-hands to use reasonable care respecting the condition of all the rolling stock used upon its line, and for its negligence in this respect is liable to one of its locomotive firemen who, while in the exercise of due care, is injured by reason of the defective condition of a foreign car placed in one of its trains.

Argued June 8th—decided July 20th, 1909.

ACTION for personal injuries to the plaintiff while employed as a fireman on a railroad train running between States, brought to the Superior Court in New London County and heard on demurrer by *Ralph Wheeler, J.;* demurrer sustained and judgment for defendant. *No error.*

\* Transferred from the second judicial district.

*Donald G. Perkins*, with whom was *Thomas J. Kelly*, for the appellant (plaintiff).

\* *E. O. Harrison*, with whom was *Philip Doherty* and, on the brief, *John T. Robinson* (United States Attorney for the District of Connecticut), for the United States.

*Edward D. Robbins*, with whom was *Michael Kenealy*, for the appellee (defendant).

BALDWIN, C. J. The complaint alleges that the plaintiff, while employed by the defendant as a fireman on a railroad train running from Midway, Connecticut, to the Harlem River, in New York, was injured while in the exercise of due

---

\* On the opening of the April term of this court at Norwich, Mr. Robinson, the District Attorney of the United States, with permission of the court, filed the following petition:—

To the Honorable Supreme Court of Errors of the State of Connecticut:

Your petitioner respectfully represents that he is United States Attorney for the District of Connecticut; that in the above entitled cause of Edgar G. Mondou v. the New York, New Haven & Hartford Railroad Company, now pending in this Honorable Court, the principal question involved is the validity and constitutionality of the Act of Congress entitled "An Act Relating to the liability of common carriers by railroad to their employees in certain cases," approved April 22nd, 1908; that the Government of the United States is desirous that said Act of Congress may be held by the courts to be valid; that the matter involved in this case, to wit, the validity of said Act of Congress, is a question of large public concern of importance to the people of the United States as a whole, and the decision of this Honorable Court upon the validity of said statute will not alone affect the parties to this particular litigation but will be of far reaching importance to the public; and that the Department of Justice of the United States Government is desirous that your petitioner may be granted permission as *amicus curiæ* to file a brief in this case on behalf of the United States.

Wherefore, your petitioner respectfully prays this Honorable Court to grant him, as *amicus curiæ*, permission to file a brief in the above entitled action on behalf of the United States; and that a reasonable time may be allowed to him in which to prepare and submit such brief.

Respectfully submitted,

JOHN T. ROBINSON,

United States Attorney.

This petition was granted.

care, by the negligence of the defendant and its servants and agents in receiving a foreign car, which was defective and in a dangerous condition, without inspecting it, and putting it into another train running in the opposite direction from the Harlem River to Midway, in consequence of which, as the trains met in Guilford in this State on August 5th, 1908, the top of the car tilted over and struck the plaintiff. It concludes thus: "The plaintiff claims $25,000 damages, under and by force of the act of Congress entitled 'An Act relating to the Liability of Common Carriers by Railroad to Their Employees in Certain Cases.' Approved April 22d, 1908." The suit was brought in October, 1908. A demurrer was filed attacking both the complaint and the claim for relief.

Both parties have treated the action as one brought upon the Act of Congress of April 22d, 1908, and we shall therefore accept that view, as did the Superior Court.

Thus considered, the demurrer was properly sustained, for reasons fully stated in the case of *Hoxie* v. *New York, N. H. & H. R. Co.*, *ante*, p. 352, 73 Atl. 754.

We think it proper, however, to observe, in order to avoid any misconstruction of our position in subsequent cases, that the complaint charges the defendant directly with negligence in respect to the duty of inspecting the foreign car. It owed an absolute duty to the plaintiff to use reasonable care in inspecting the condition of all the rolling stock used upon its railroad. The demurrer admitted that it failed to exercise such care and that the plaintiff exercised due care, and as the suit was brought within four months from the date of the injury to the plaintiff, he would have made out a prima facie case, had he not chosen to claim his remedy under the Act of Congress, instead of under the laws of Connecticut.

There is no error.

In this opinion the other judges concurred.