WILLIAM A. VICKERY vs. THE NEW LONDON NORTHERN
RAILROAD COMPANY ET AL.

Second Judicial District, Norwich, October Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The distinction between a defective statement of a good cause of action
    and a statement of a defective cause of action is important: the
    defective statement may be subsequently amended, but the de-
    fective cause of action is incurable under any form of statement.
A complaint which alleges the plaintiff's employment by a railroad com-
    pany, a negligent violation of its duty as master, and the plaintiff's
    personal injury in consequence thereof, and nothing further, states
    a good cause of action against the company, although it may be
    ambiguous and defective for not alleging, directly or indirectly,
    what law is invoked as the basis of recovery: whether the common
    law of the State, or the so-called Employers Liability Act of Con-
    gress (35 U. S. Stat. at Large, 65), each of which prevail and are
    of equal authority in this jurisdiction as the facts in a particular
    case render one or the other applicable. Accordingly, while the
    failure to allege whether the defendant railroad company was en-
    gaged and the plaintiff employed in inter-state or in intra-state
    commerce at the time of the injury, may constitute a defect, it is
    one that can be amended; and an amendment setting forth the
    facts appropriate to a recovery under the Employers Liability
    Act does not change the cause of action originally alleged.
Such an amendment to the complaint having been denied, the defendant,
    during the trial, set up the same facts as a third defense, upon the
    theory that the plaintiff's case, as alleged by him, was based on the
    common law and could not therefore be sustained upon the allega-
    tions of this defense, which the plaintiff expressly admitted. The
    trial court overruled this objection and the jury returned a verdict
    for the plaintiff. Held that while the plaintiff could not avail him-
    self of the allegations of this defense to introduce or prosecute a
    new cause of action against which a statutory limitation had run,
    he might make use of them; under the doctrine of express aider,
    which rested upon principles of justice, to help out a defective
    statement of his original cause of action, upon which suit had been
    brought within the statutory period.
Where the Federal statute applies to the situation it is exclusive of any
    other remedy, regardless of the employee's election to proceed under
    some other law.
The risk caused by the negligent location of a switch-stand in dangerous

Vickery *v.* New London Northern R. Co.

proximity to a railroad track, and by the negligent failure to place a warning light thereon, is an extraordinary one which is not assumed by the mere acceptance of employment as a brakeman in the switch-yard.

It is incumbent upon the master to allege and prove the servant's knowledge and his assumption of an extraordinary risk.

Argued October 22d, 1913—decided January 15th, 1914.

ACTION to recover damages for personal injuries alleged to have been caused by the defendants' negligence, brought to the Superior Court in New London County and tried to the jury before *Williams, J.;* verdict and judgment for the plaintiff for $8,500, and appeal by the defendants. *No error.*

The complaint, as originally brought and as it remained, alleged that the defendant "The New London Northern Railroad Company owned a certain railroad in this State running into said New London as a common carrier of merchandise and passengers in cars drawn by engines operated by steam along and over said railroad"; that the defendant "The Central Vermont Railway Company by virtue of a lease from the said New London Northern Railroad Company controlled, managed and operated said railroad in the exercise of the authority and franchise conferred upon the defendants by their acts of incorporation and the laws of this State"; and that "at said time the defendants had established and were maintaining a large railroad yard on what is known as Winthrop's Neck, in that part of New London known as East New London, through which ran its main-line track and in which were many switch tracks." It was further alleged, in substance, that the plaintiff, while employed by the defendant the Central Vermont Railway Company as a brakeman, and while engaged in such employment in said railroad yard, was, on the evening of September 5th, 1909, by reason of negligent conduct on the

defendants' part in the matter of the maintenance of a switch-stand dangerously near to the tracks, and without a warning light thereon, and in the absence of contributory negligence on his part, seriously injured.

The defendants' answer contained two defenses. The first consisted of denials of the allegations of the complaint of negligence on the part of the defendants and the consequent injuries to the plaintiff as alleged. The second averred that the plaintiff had formerly worked in the railroad yard, had full knowledge of the conditions complained of, and that he had assumed the risk incident thereto. The plaintiff replied, admitting so much of the second defense as alleged that the plaintiff had formerly worked in the yard, and denying its remaining allegations.

In January, 1913, while the pleadings were in this condition, the plaintiff asked leave to amend his complaint by the addition of allegations showing that the defendants were engaged in inter-state commerce, and the plaintiff, at the time of his injuries, employed in such commerce. The desired leave was refused upon the ground that an allowance of the amendment would result in the bringing of a new cause of action, and one which had been lost to the plaintiff by statutory limitation.

The defendants thereupon added to the two defenses already filed a third, which set out that the plaintiff's injuries were sustained by him while he was employed in inter-state commerce by the Central Vermont Railway Company, a common carrier by railroad then and there engaged in such commerce. The allegations of this defense were admitted. In this condition of the pleadings the case came to trial to a jury. The defendants requested the court to charge, in substance, that if it should be found that at the time that the plaintiff received his injuries the Central Vermont Railway

Company was engaged in inter-state commerce and he employed by it in such commerce, the defendants were entitled to a verdict. This request was refused, and the jury were instructed that under the conditions stated, which were admitted by the pleadings, the action was one under and to be governed by the provisions of the so-called Federal Employers Liability Act, and the case submitted as one under that Act.

In the course of the court's instructions the jury were told that under the pleadings the burden was upon the defendants to establish by a fair preponderance of proof their allegations denied touching the matter of the assumption of risk.

*Michael Kenealy* and *Charles B. Whittlesey,* for the appellants (defendants).

*Christopher L. Avery* and *Tracy Waller,* for the appellee (plaintiff).

PRENTICE, C. J. There are four reasons of appeal which in their substance resolve themselves into two: first, that there was error in submitting the case to the jury under the Federal statute; and second, that the instruction that the burden of proof, in the matter of assumption of risk, was upon the defendants, was erroneous.

The defendants' contention in support of the first claim of error rests upon two fundamental propositions, to wit: (1) that the complaint clearly and unmistakably undertook to set out a cause of action at common law, and one cognizable by that law for the reason that the injuries complained of were received in intra-state commerce operations and employment; and (2) that any course of procedure, construction of pleading, or instruction, which would permit a recovery thereunder

by force of the Federal statute would be in effect to allow the introduction by the plaintiff of a new cause of action, and one against which the statutory limitation of time had run.

The complaint contains allegations which, if true, establish that the plaintiff's primary right of personal security was invaded by the Central Vermont Railway Company's wrong arising from its failure to perform toward him its duty as his master, and that the plaintiff is entitled to a redress of the wrong so done him in damages recoverable in an action at law. The tort relied upon is fully set out. Whatsoever shortcomings there may be in the complaint, they do not concern the existence of a right of action. They concern the law invoked as furnishing the measure of damages recoverable. The situation is unusual in that we have two rules touching this subject prevailing and possessing equal authority in this jurisdiction, where the injury is received in railroad service. Our courts take judicial notice of both, and apply each as appropriate. If the employer is engaged in inter-state commerce, and the employee is so engaged when injured, there is one rule for the determination of the amount of recovery. If otherwise, there is a different rule.

The complaint contains no clear statement upon the pertinent matter of the employer's character and the nature of the employee's employment. It is not stated whether the operating corporation was engaged in inter-state or intra-state commerce. The only facts alleged from which an inference of any sort might be drawn is that its lessor, the New London Northern Railroad Company, owned a railroad in this State, and that the Central Vermont Railway Company was the lessee in operation of said railroad. It is not said that the railroad so owned and operated lay entirely within the State. That it did not in fact so lie the court, tak-

ing judicial notice of the charter of the lessor, knew. 4 Private Laws, p. 996; 5 id. p. 261. But that matter aside, the allegation made is far from one that the Central Vermont Railway Company was an intra-state carrier. The situation in that regard is left unrevealed or uncertain.

Counsel for the defendants say that the manifest intention of the pleader was to give to the operating corporation an intra-state character, and for that reason to state an action cognizable at common law only. We fail to discover substantial ground for that conclusion. It is to be borne in mind that the complaint was drafted shortly after the handing down of the opinion of this court in *Hoxie* v. *New York, N. H. & H. R. Co.*, 82 Conn. 352, 73 Atl. 754, in which we held the Federal statute unconstitutional, and as a consequence that there was but one measure of redress to be applied to situations like the present and that in *Mondou* v. *New York, N. H. & H. R. Co.*, 82 Conn. 373, 73 Atl. 762, which may have led to the inference, although unjustifiable, that in any event a railroad employee entitled to maintain an action under the provisions of the Federal statute might, if he chose, waive that privilege, and sue the inter-state carrier at common law, and before the decision in the *Second Employers Liability Cases*, 223 U. S. 1, 32 Sup. Ct. Rep. 169, which held that the statute was constitutional, and the redress thereby provided exclusive in cases where it might be had. It well may be that the pleader was anticipating a common-law recovery; but that he intended to state a case without the purview of the Federal statute, and by that means bring it under the operation of the common law, is quite another proposition.

It is now clearly and unmistakably established that the Federal remedy exists as valid legislation, that it is exclusive where the conditions of the statute are met,

and that an opportunity to elect between the Federal and State remedies is never afforded. *Second Employers Liability Cases,* 223 U. S. 1, 55, 32 Sup. Ct. Rep. 169; *St. Louis, S. F. & T. Ry. Co.* v. *Seale,* 229 U. S. 156, 158, 33 Sup. Ct. Rep. 651; *Chicago, I. & L. Ry. Co.* v. *Hackett,* 228 U. S. 559, 567, 33 Sup. Ct. Rep. 581; *De Atley* v. *Chesapeake & O. Ry. Co.,* 201 Fed. Rep. 591, 595. The complaint was not drawn in the light of these decisions and must not be judged in the light they have supplied. Judged in the light of the conditions existing when it was drafted, reasonable foundation for a conclusion that the pleader intended to state an intra-state commerce case, which could not be established, cannot be found in the allegations made. It is much more likely that he did not, contrary to the truth, so intend, but that his intention was to seek that to which he thought his client was entitled upon the facts as they were, which he had no purpose or intent to conceal or misstate, and which, in so far as he deemed them pertinent, he had undertaken to present to the consideration of the court.

The defendants' first proposition not being well founded, we have no occasion to consider the soundness of the plaintiff's counter-proposition, that even if such were the case, a change of allegation whose sole purpose was to indicate that the remedy to be applied was under the statute, and not as at common law, would not amount to a change of the cause of action.

The worst that can be said of the complaint from the defendants' present standpoint is that it contains no allegations showing that it was brought under the Federal statute. Assuming, against the plaintiff's contention, that such allegations form a part of the statement of a cause of action, the fault with the complaint is that it contains a defective statement of a good cause of action and not the statement of a defective

cause of action. The distinction is important, and is attended with important consequences. Where a complaint contains a defective statement of a cause of action, that statement may be perfected later by amendment; but the statement of a defective cause of action is not the statement of any cause of action at all; and any process which will result in the statement of a good cause of action necessarily involves the introduction of a new cause of action. The perfection of a complaint of the former type, although defective in substance, by the process of amendment supplying material matter omitted from it, does not accomplish a change of the cause of action. "The rounding out of a complaint to cure a defective complaint, even in material matters, is not changing a cause of action nor adding a new cause, but merely making a good cause out of that which was a defective statement of a cause of action because of the omission of material allegations." *Lassiter* v. *Norfolk & C. R. Co.*, 136 N. Car. 89, 92, 48 S. E. 642.

The defendants place much reliance upon the opinion of the court in *Union Pacific Ry. Co.* v. *Wyler*, 158 U. S. 285, 15 Sup. Ct. Rep. 877, as supporting their position. The trial court, in withholding the desired leave to amend, also did. That case, brought in the State courts of Missouri, was one where the plaintiff had by clear and unmistakable allegations presented a case for the redress of personal injuries governed by the general law of master and servant. The amended complaint deserted this position and founded the right of action upon the provisions of a statute of Kansas, in which State the injuries were received, making an employer liable for the negligence of a fellow-servant of an injured employee. The tort originally complained of was the negligence of the master in the employment of an incompetent fellow-servant of the plaintiff. The amended complaint struck out this charge, and substituted as the

delict the negligence of a fellow-servant imputed to the master under the Kansas statute. There was thus a distinct change in the tort charged as the basis of liability. The present situation is a radically different one, and one to which the reasoning and conclusion in *Missouri, K. & T. Ry. Co.* v. *Wulf*, 226 U. S. 570, 33 Sup. Ct. Rep. 135, are more pertinent.

In *Lassiter* v. *Norfolk & C. R. Co.*, 136 N. Car. 89, 48 S. E. 642, the administrator sued in North Carolina to recover for the wrongful death of a railroad employee. The complaint stated a good cause of action under the North Carolina law, had the death been caused in that State. As it appeared in the allegations that the death had been caused in Virginia, the plaintiff, after a demurrer, asked leave to amend his complaint by pleading a statute of Virginia which gave a right of action under the circumstances, thus basing his right of recovery upon that statute. It was held that this amendment, involving as it did an appeal to the Virginia statute, whereas the original complaint had been one, in form at least, under the North Carolina law, did not amount to a change of the cause of action. Other cases are referred to in the opinion in that case involving the application of substantially the same principle.

The trial court erred in withholding from the plaintiff the desired leave to amend, for the reason assigned, but that error can be of no help to him here. The complaint remained unamended and barren of allegations showing the application of the Federal statute. The admitted allegations of the third defense, however, brought the pertinent facts upon the record, and supplied the absence of them in the complaint. *Brooke* v. *Brooke*, 1 Sid. 184; *United States* v. *Morris*, 23 U. S. (10 Wheat.) 246, 286; *Slack* v. *Lyon*, 26 Mass. (9 Pick.) 61, 65; *Rubens* v. *Hill*, 213 Ill. 523, 537, 72 N. E. 1127; *Hedderly* v. *Downs*, 31 Minn. 183, 186, 17 N. W. 274. This doc-

trine of express aider is one which we have approved as resting upon principles of justice. *Wall* v. *Toomey*, 52 Conn. 35, 38. Under its application the complaint, defective though it was for lack of allegation of material facts, had its defects in that respect cured, and the missing allegations supplied by their subsequent averment by the defendants and admission by the plaintiff. A plaintiff may not, of course, avail himself of the allegations of an answer to introduce or prosecute a new cause of action against which a statutory limitation has run; but he may do so to help out a defective statement of his cause of action. That is the situation in this case. The defendants' allegations accomplished the same curative result that was attempted to be accomplished by the proposed amendment. It matters not that these allegations came into the pleadings more than two years after the plaintiff's injuries were sustained. The effect of them was not to give to the plaintiff a new cause of action, but to help out the original cause of action upon which suit had been brought within the statutory period.

The court correctly charged that the burden of proof in the matter of the assumption of risk was upon the defendants. Where the risk to which the servant is exposed is one that arises from the negligent conduct of the master in having imported into the situation a factor of peril not ordinarily incident to the business in which the servant is engaged, it is, in legal terminology, an extraordinary one. In such cases it is not incumbent upon the plaintiff to either allege or prove want of knowledge and nonassumption. The law upon this general subject is fully stated in *Worden* v. *Gore-Meenan Co.*, 83 Conn. 642, 645, 78 Atl. 422. See also *Baer* v. *Baird Machine Co.*, 84 Conn. 269, 273, 79 Atl. 673.

The risk here complained of arose, as alleged, from

the negligent erection of a switch-stand in dangerous proximity to one of the tracks in the railroad yard, and the negligent failure to have a warning light upon it. This was not a risk ordinarily incident to the railroad service in which the plaintiff, as a brakeman, was employed, but one arising from the defendants' negligence. The plaintiff may have known of it, and have voluntarily assumed it, but he did not do so by entering into his employment. If such was the fact, it was incumbent upon the defendants to plead and prove it. Their pleadings were framed upon that theory and correctly so.

There is no error.

In this opinion the other judges concurred.