MARIE H. BALLOU
*vs.*
THE JEWETT CITY SAVINGS BANK

Superior Court      New London County      File No. 13778

MEMORANDUM FILED APRIL 20, 1942.

*Griswold Morgan*, and *George C. Morgan*, of New London, and *Harry Schwartz*, of Norwich, for the Plaintiff.

*Geary, Davis & Keefe*, of New London, for the Defendant.

Memorandum of decision on demurrer and motion to expunge.

BALDWIN, J. The defendant, as its second defense, has pleaded assumption of risk. The language it has employed is the following: "The plaintiff knew, comprehended and appreciated or should have known, comprehended and appreciated that unless she took steps to protect herself she would be liable to injury through falling on said stairs; yet, notwithstanding she assumed the risk of injury by passing through an unlighted second floor hallway and attempting in the darkness the descent of the unlighted stairway."

The plaintiff demurs because there is no allegation that the plaintiff was negligent or unreasonable in encountering the risk.

The defense of assumption of risk as pleaded is sufficient to withstand any attack. There is no occasion to allege that the plaintiff was negligent or unreasonable in assuming the risk.

The demurrer is overruled.

As a third defense defendant has alleged that the cause of action set forth in the amendment to the complaint is barred by the statute of limitations and plaintiff has moved to expunge this defense upon the ground that this is an allegation of a legal conclusion and not one of fact.

The allegation is not of a legal conclusion. It is an allegation of fact. It proceeds, however, upon a mistaken hy-

pothesis—that is that the amendment to the complaint sets up a new cause of action—one that was not brought within the statute of limitations. This is a misconception of the effect of the amendment. It sets up no new cause of action. The amendment sets forth more explicitly the negligence which is claimed was the cause of the injury for which recovery is sought and the amendment relates back to the complaint, so far as the operation of the statute of limitations is concerned. *Vickery vs. New London Northern R.R. Co.*, 87 Conn. 634, 641.

The motion to expunge is upon the wrong ground, but since the defect is plain, the third defense should be expunged, and therefore the motion is granted. (Practice Book [1934] §63.)