EASTON vs. CHAMBERLIN et al.

In the computation of time, upon service of notice of trial, the day of service is excluded, and the first day of term is included. The 368th section of the code establishes a general rule in such a case, notwithstanding the language in § 211.

*St. Lawrence circuit, Feb.* 1849. Before HAND, Justice.—The complaint in this cause was served on the 19th day of January last. An answer was served on the 8th day of February inst., and a reply and notice of trial on the 9th inst., at 8 P. M. The circuit commenced on Monday, the 19th of February. A motion was now made to strike the cause from the calendar, on the ground that the notice of trial was too short.

B. PERKINS, *for the motion.*

The notice of trial may be served at any time after issue joined, but must be ten days " before the court." (Code, § 211.) The former statute required 14 days notice " before the first day of the court." (2 R. S. 410, § 7.) But the law notices no parts of a day in such cases, and therefore the phraseology of the two statutes is the same in effect. This court has decided that, under this statute, the first day of court could not be included, and consequently, as the old rule excluding the day of service stood, notice on the 1st for the 15th was not sufficient. This was obviated by changing that rule so far as to include the day a notice of trial was served. (Rule 63; 5 Wend., 137; 10 id., 422.) But the rule in relation to notices of trial was modified by § 368 of the code, which comprises a whole chapter, entitled, " of the computation of time," and enacts that, " the time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, that shall be excluded. This section excludes the 9th of February, the day on which the notice was served in this case, and § 211 excludes the first day of court. It follows of course that there was but nine days' notice. Indeed ten days is a very short time to prepare for the trial of a cause, and as the court opens on Monday, it would be giving none too much time to give the statute a literal construction and exclude Sunday, as that is the last day. If this notice is held sufficient, the party will in fact have but seven days to prepare for trial, Sundays excepted.

C. G. MYERS, *contra.*

Section 211 is a distinct section relating only to notices of trial and not affected by § 268. If the construction to be given to it, shall be the same as that of the former statute, still the rule of this court in relation thereto remains unchanged. (Code, § 389; Rule 63.)

Besides, it may be doubted whether "before the court," and "before the first day of the court," are synonymous expressions. But suppose § 368 is applicable. In that case, the result is the same. If it affects § 211, it must have its full force, and overrules the judicial construction heretofore given to the former statute, and in terms includes the first day of court. The argument from convenience will not prevail. It is a question of the construction of a statute, and its meaning is to be ascertained without regard to convenience.

HAND, Justice.—I am inclined to think that § 368 establishes a general rule, and excludes the day of service and includes the first day of term in a case like the present, notwithstanding the language of § 211. Nor is Sunday to be excluded in the computation. That last part of the section is applicable only in those cases where an act is to be performed within a certain length of time, and last day for performance falls on Sunday; and not where that day merely intervenes between the notice and the time an act is to be done on a specified day. Motion denied.