JOHN T. SMITH *vs.* JACOB F. FORCE.

September 25, 1883.

**Complaint—Conversion.**—A complaint for conversion, alleging plaintiff's ownership in the present tense, and not as of the time of the conversion, is insufficient.

**Trial on Defective Pleadings.**—When parties try a cause as though the proper allegations were in the pleadings, this court will consider the case as though the pleadings were correct.

**Conversion—Agreement for Possession without Consideration.**—Plaintiff, an outgoing postmaster, owned a letter-case, which he had used in the office. Defendant, his successor in office, insisted that it should be turned over to him with the other furniture of the office, claiming that it belonged to the government. It was agreed that defendant might take it, and plaintiff should write to the post-office department, and, if the department did not claim it, defendant should re-deliver it to him. *Held*, that there was no consideration for the agreement, and plaintiff might at any time demand the case.

**Justice of Peace—Appeal—Return of Evidence—Certificate of Justice.**
Though, on an appeal on questions of law alone, from a justice of the
peace, there be no request to return the evidence, yet, if it affirmatively
appear to be all returned, the appellate court will consider it. A certifi-
cate of the justice *held* sufficient to show that all the evidence is returned.

**Same—Service of Summons.**—A summons in an action before a justice,
served on the 11th, returnable on the 17th, is served in time.

Plaintiff brought this action in a justice's court in Jackson county,
to recover damages for the alleged conversion, by defendant, of a letter-
case. The defendant had judgment, and the plaintiff appealed, on
questions of law alone, to the district court, where the judgment of the
justice was affirmed by *Severance*, J. Plaintiff appeals from the judg-
ment of the district court.

The return of evidence made by the justice to the district court was
entitled as follows: "Transcript of all the evidence given upon the
trial of said cause before me on the 19th day of July, 1880," and the
certificate at the end of the return was as follows: "I hereby certify
that the foregoing is the testimony as given in said case, and that the
same is correct substantially as given. A. C. Cook, Justice of the
Peace."

*A. D. Perkins*, for appellant.

*Daniel Rohrer*, for respondent.

GILFILLAN, C. J. The complaint in this case is insufficient, because,
being for a conversion, it alleges plaintiff's ownership of the property
in the present tense; that is, at the time of filing the complaint, and
not at the time of the conversion. But parties may at the trial waive
such defects, and, where they do so, and try the cause precisely as
though the proper allegations were in the pleading, it will be con-
sidered here as though such were the case. The parties so tried this
case. No objection was taken to evidence of plaintiff's ownership be-
fore and at the time of the conversion, and such ownership and the
conversion were fully proved, there being no evidence to the contrary.
The arrangement between the parties—that, if defendant insisted
on taking the property in dispute, he might do so, and return it to
plaintiff, if, on his writing to the department, it did not claim the
property as government property—was wholly without consideration,

and of no force as against a subsequent demand at any time by plaintiff for its delivery to him. On the evidence the plaintiff ought to have had judgment.

The rule stated in *Hinds* v. *Am. Exp. Co.*, 24 Minn. 95, that though there be no request to the justice to return the evidence upon an appeal on questions of law alone, the appellate court will consider the evidence, if it affirmatively appear that the justice has returned it all, is sound; and, in view of the liberality with which proceedings before justices of the peace are construed, the certificate to the return of the evidence was sufficient to show that all the evidence was returned. *Payson* v. *Everett,* 12 Minn. 137, (216.)

The summons was served on the 11th, and was returnable on the 17th. The service was, therefore, six days before the time of appearance.

The judgments of the district court and of the justice are reversed.