Matter of Carhart.

which last day the will was proven and admitted to probate. The question has since arisen as to whether the surrogate obtained jurisdiction of the persons so cited, it being suggested that the citation was not served at least eight days before the return day thereof,.and that therefore a, new proceeding should be instituted with a view to proper probate.

*C. & A. Van Santvoord,* for proponent.

COFFIN, *S.*— I am entirely satisfied that the service was sufficient, and that this court obtained jurisdiction of the persons cited. The general rule as to the computation of time in the service of papers is that one day is included and one excluded. This rule.is stated by MARCY, J., in *Small* agt. *Edrick* (5 *Wend.*, 137). Such a rule would render the service in this matter perfectly proper. Doubtless the legislature, and also the supreme court, then had power to vary the general rule. In the case cited the legislature had required the notice of trial to be served at least fourteen days before the first day of the court, but made no provision for the computation of time ; and the service on the ninth for the twenty-third of November would have been good under the general rule, and would have been so held in that case had not a rule of the court expressly excluded the first day. Now, however, the various codes provide that the last day shall be included. Here section 2520 of the present Code requires the citation to be served at least eight days before the return day. ·Section 788 of the same Code provides that the time within which an act is required by law to be done must be computed by excluding the first and including the last day. This section is made applicable to surrogates' courts by subdivision 6 of section 3347. Therefore, whether the citation in this matter was served in time depends upon the construction to be given to section 788. Section 368 of the Code of 1848 (*sec.* 407 *of that of* 1858) is substantially the same as above section 788, It was also provided by section 211 (256 *of* 1858) that either

party might give notice of trial at least ten (amended to fourteen in 1859) days before the court. These sections were construed by the supreme court in the cases of *Easton* agt. *Chamberlain* (3 *How. Pr. R.*, 412), *Dayton* agt. *McIntyre* (5 *ib.*, 117) and others, all of them holding that the first day of the court must be included in computing the time.

Section 977 of the present .Code of Civil Procedure provides that notice of trial shall be served "at least fourteen days before the commencement of the term." There is no substantial difference, therefore, between the former and the present codes in this respect, and the universal practice is, as I am informed by intelligent lawyers in active practice, to include the first day of the court or term in the computation. The above decisions apply with equal force to the present Code. It will be difficult to discover any reason why this rule of computation shall not apply as well to the service of a citation, which must be "at least eight days before the return day thereof" as to a notice of trial, which must be served "at least fourteen days before the court," or "before the commencement of the term." I must, therefore, dissent from the *dictum* on this subject in the case of *Boerum* agt. *Betts* (1 *Dem. R.*, 471), and hold that the service in this case was sufficient.

I have deemed it proper to examine the question with some care, as titles of devisees are involved.