STATE OF MINNESOTA, *ex rel.* Archibald Currie and another, *vs.* CHARLES E. WELD, County Auditor.

SAME *vs.* S. G. JOHNSON, Register of Deeds.

November 22, 1888.

Practice—Notice of Trial—Computation of Time.—In the computation of time upon service of notice of trial in the district court, the day of service is excluded, and the first day of the term included.

Mandamus—To Compel Officers to Keep Offices at County-Seat—Parties—Demand.—In *mandamus* to enforce a purely public duty, not due the government as such, any private person may move as relator. Any citizen of the county may file an information to compel the register of deeds or auditor to keep his office at the county seat. He need not precede his application by a demand on the officer to perform such public duty.

Same—Peremptory Writ—Form.—The peremptory writ need not precisely follow the alternative writ, in matters of detail. Upon the hearing the court may grant the relief in any form consistent with the case made by the complaint presented, and embraced within the issues.

Appeal by defendant in each case from a judgment of the district court for Murray county, *Perkins*, J., presiding, directing the issue of a peremptory writ of *mandamus*.

*Daniel Rohrer*, for appellant in each case.

*Eller & How* and *H. C. Grass*, for respondent (relator) in each case.

MITCHELL, J.   Appeals from judgments directing peremptory writs. of *mandamus* against respondents, respectively, as register of deeds. and auditor of Murray county, to remove their offices from the village of Slayton to Currie, the county-seat.   The questions raised are all. technical, none of them going to the merits of the case.   Currie is the county-seat.   The statute imperatively requires these officers to' keep their offices at the county-seat, and both of respondents are, in. violation of law, keeping them at a place six miles distant.   Gen. St.. 1878, *c.* 8, §§ 129, 174.

1. The first objection is to the sufficiency of the notice of trial in: the district court.   It was served October 10th, for a term of court. beginning October 18th.   The statute requires it to be served "at. least eight days before the term."   Gen. St. 1878, *c.* 66, § 218.   It. also provides that the time within which an act is· to be done shall be computed by excluding the first day and including the last.   Gen. St.. 1878, *c.* 66, § 82.   This, in our opinion, establishes a general rule· for the computation of time, applicable to service of notices of trial as well as to any other act in civil actions.   In New York, from whose· Code of 1848 we borrowed both of these sections, it had been so held before we adopted them in this state.   *Easton* v. *Chamberlin*, 3 How.. Pr. 412; *Dayton* v. *McIntyre*, 5 How. Pr. 117.   It is also in har-· mony with the rule for the computation of time in other matters.. *Worley* v. *Naylor*, 6 Minn. 123, (192;) *Coe* v. *Caledonia & Miss. Ry.*, *Co.*, 27 Minn. 197, (6 N. W. Rep. 621;) *Smith* v. *Force*, 31 Minn. 119,. (16 N. W. Rep. 704.)   It is also in accordance with the practice: which has long obtained in most of the judicial districts in the state. There is a line of decisions to the effect that, when the statute re-· quires the notice of trial to be served a certain number of days "be- fore the first day of the term," the first day of the term must also be· excluded.   We so construed rule 6 of this court in *Greve* v. *St. Paul, S. & T. F. R. Co.*, 25 Minn. 327.   These decisions seem to go upon the· idea that such language, in the statute or rule, by its terms expressly· excludes the first day of the term.   If it was a new question, we con--

fess we can see no reason for distinguishing between the expressions "before the term" or "before the court" and "before the first day of the term." But, be that as it may, we are not disposed to extend the rule of computation adopted in *Greve* v. *St. Paul, S. & T. F. R. Co.* beyond the language of the rule then construed. The first day of the term should be included in the computation, and therefore the notice of trial was seasonably served.

2. The relators were "freeholders, tax-payers, and legal voters" of the county. This rendered them sufficiently interested to entitle them to move as relators. Who is "beneficially interested," so as to entitle him to file an information, depends on the object to be obtained. When *mandamus* is resorted to to enforce a private right, the person interested in having the right enforced must be the relator. But the great weight of American authority is that where the object is, as in these cases, to enforce a public duty, not due the government as such, any private person may move to enforce it. High, Extr. Rem. § 431; .Union Pacific R. Co. v. Hall, 91 U. S. 343, 355; *Attorney General* v. *Boston*, 123 Mass. 460, 479. It was enough that the relators in this case were citizens of the county, and as such interested in having the law enforced by compelling these public offices to be kept at the county-seat.

3. It was not necessary for the relators to precede their application for a *mandamus* with a demand on respondents to move their offices to the county-seat. The law itself pointed out their whole duty. It was purely a public duty, and there was no particular person upon whom devolved either the duty or the right to demand its performance. The statute was a standing demand, and the omission of the respondents to obey was a refusal. *Com.* v. *Commissioners*, 37 Pa. St. 237, 246; *Attorney General* v. *Boston, supra; Cleveland* v. *Board of Finance*, 38 N. J. Law, 259; *Palmer* v. *Stacy*, 44 Iowa, 340.

4. There is no material variance between the requirements of the alternative and peremptory writs. The substance of the two is the same, both commanding the removal of these public offices from Slayton to Currie, the county-seat, and differing only verbally in matters of detail. The statute allows amendments of the writ and answer as in case of pleadings in civil actions, and provides that the issues are

to be tried and further proceedings had in the same manner as in civil actions. The proceeding is therefore now so elastic that the peremptory writ need not precisely follow the alternative one, but the court, upon the hearing, may grant the relief in any form consistent with the case made by the complaint, and embraced within the issues. *State* v. *Minn. & St. Louis Ry. Co.*, ante, p. 219; *People* v. *Dutchess & Columbia R. Co.*, 58 N. Y. 152. In view of what has been already said, the other points made by appellants become immaterial, and need not be considered.

Judgments affirmed.