SAWYER, RESPONDENT, v. ROBERTSON, APPELLANT.

[Argued October 14, 1891. Decided January 4, 1892.]

SUMMONS— *Conversion.*—A summons in an action for conversion which reads, "The said action is brought to recover the sum of one hundred and fifty dollars, the value of thirty tons of ice belonging to said plaintiff, and taken possession of and disposed of by said defendant," at a certain time and place, sufficiently states the cause and general nature of the action under section 68 of the Code of Civil Procedure.

SAME— *Same—Default judgment.*—In an action for conversion a notice in the summons that unless the defendant appears and answers the plaintiff will take judgment for a certain sum is bad, and will not support a default judgment, as under section 68 of the Code of Civil Procedure, the notice in such case should state that unless the defendant appears and answers the plaintiff will apply to the court for the relief demanded in the complaint.

PLEADING— *Conversion.*—A complaint in an action for conversion which avers that "on the eighth day of May the plaintiff was, and is now," the owner of the property described, and that the defendant converted the property "on or about the 12th of May," is fatally defective in not alleging with certainty ownership at the time of the conversion, and will not support a judgment by default.

*Appeal from Ninth Judicial District, Gallatin County.*

Action for conversion. Judgment by default was taken against the defendant below.

*Luce & Luce,* for Appellant:

The action brought by the plaintiff is an action sounding in tort for damage and not on a contract, expressed or implied. The *alias* summons states the cause and general nature of the action as follows: "The said action is brought to recover the sum of one hundred and fifty dollars, the value of thirty tons of ice belonging to said plaintiff, and taken and disposed of by the defendant on or about the twelfth day of May, A. D. 1890, at the city of Bozeman, State of Montana; also for all costs of suit;" attempting to state an action in assumpsit, if anything, and not stating the cause or general nature of the action as brought. The allegations of the complaint state one sort of an action, and the summons attempts to state an entirely different cause of action. The complaint is a technical complaint for trover, and nothing else. (Stephen on Pleading, 40, 41.) The decisions are numerous in this country that assumpsit cannot be maintained, in a case like this, unless the property of which the plaintiff has been deprived has been converted into money, and this is nowhere alleged. (Cooley on Torts, 94; *Jones* v. *Hoar,* 5 Pick. 285; *Berkshire Glass Co.* v. *Woolcott,* 2 Allen, 227; 79 Am. Dec. 781; *Elliott* v. *Jackson,* 3 Wis. 649; *Noyes* v. *Loring,* 55 Me. 408.) By no construction of the complaint is it brought within the above rule. A party is limited by the action he brings. If he waives the tort and sues in assumpsit, he can recover only the amount which the defendant has actually received for the sale of the property, although this may be less than its value. (3 Parsons on Contracts, p. 195, n. *c*; Addison on Torts, p. 33; Cooley on Torts, p. 94.) Upon the second ground it is manifest that the notice is not that required by the fifth division, section 68, page 74 of the Compiled Statutes. The provisions of said section are mandatory as to what the summons shall contain. (*Lyman* v. *Milton,* 44 Cal. 630; *Ward* v. *Ward,* 59 Cal. 141; *Gundry* v. *Whittlesey,* 19 Wis. 212.) It is essential to a valid summons that the proper notice required

by law be inserted. (*Sweeney* v. *Schultes*, 19 Nev. 53; *Atchison etc. R. R. Co.* v. *Nicholls*, 8 Colo. 188.) A defective summons will not sustain a judgment by default. (*Dyas* v. *Keaton*, 3 Mont. 495, 499; *Porter* v. *Hermann*, 8 Cal. 619; *State* v. *Woodlief*, 2 Cal. 241; *Ward* v. *Ward*, 59 Cal. 141.)

*J. L. Staats*, for Respondent.

The summons is sufficient to apprise the defendant of the nature and cause of action. (*Gage* v. *Maryatt*, 9 Mont. 265.) The notice calls for judgment of a liquidated amount, viz., one hundred and fifty dollars, arrived at by an estimate of thirty tons of ice at five dollars per ton, showing an implied contract by the notice itself. Hence the notice is not repugnant to matter setting forth the cause or general nature of the action, and does not come within the rule in cases cited by appellant. (*State* v. *Woodlief*, 2 Cal. 241; *King* v. *Blood*, 41 Cal. 317.) Complaint is sufficient in an action of assumpsit. Plaintiff claims the value of thirty tons of ice that was in possession of defendant, who refused to restore it to plaintiff, hence an implied contract. The words "convert," "dispose of," and "to the damage of the plaintiff," does not necessarily show a tort. They are treated as matter in inducement. Plaintiff, however, may waive the tort, and sue in assumpsit. (*Fratt* v. *Clark*, 12 Cal. 89; *Roberts* v. *Evans*, 43 Cal. 382; *De la Guerra* v. *Newhall*, 55 Cal. 23.) The case of *Fratt* v. *Clark*, 12 Cal. 89, and cases cited therein, lay down the rule that plaintiff is not confined to the price received by the defendant, or that the defendant must have converted the property into money.

HARWOOD, J. — This is an action for damages for the alleged wrongful taking and conversion of personal property.

The points insisted upon by appellant in this appeal are that the summons issued and served upon him in this action is defective on the grounds set forth in the motion to quash, hereinafter referred to, and that the complaint does not state facts sufficient to constitute a cause of action.

The action was brought in the District Court within and for Gallatin County, and the plaintiff alleged, as the facts constituting his cause of action, (1) that "on the eighth day of May,

1890, plaintiff was, and is now," the owner and in the posses-
sion of certain personal property, to wit, about thirty tons of
ice, which was then stored in a building in the city of Bozeman,
State of Montana; (2) that said property was then of the value
of one hundred and fifty dollars; (3) "that on or about the
twelfth day of May, 1890, at Bozeman, Mont., the said defend-
ant took said property from said plaintiff, and converted and
disposed of the same to his own use, to the damage of plaintiff
in the sum of one hundred and fifty dollars." The complaint
further alleges that plaintiff demanded possession of said prop-
erty from defendant, but he failed and refused to deliver the
same, or any part thereof, to plaintiff; and the complaint closes
with a demand for judgment against defendant for the sum of
one hundred and fifty dollars and costs of suit. It appears
from the record that an *alias* summons was issued and served
upon defendant, who, by his counsel, appeared specially for the
purpose, and moved the court "to vacate and set aside that
which purports to be an *alias* summons in said action," on the
grounds: "*First*, that said summons does not contain the cause
or general nature of the action; *second*, that said summons does
not contain the notice required by law."

The portions of the summons which appellant criticises as
insufficient, and not in conformity with law, read as follows:
"The said action is brought to recover the sum of one hundred
and fifty dollars, the value of thirty tons of ice belonging to
said plaintiff, and taken possession of and disposed of by said
defendant on or about the twelfth day of May, 1890, at the city
of Bozeman, State of Montana; also for all costs of suit. And
you are hereby notified that, if you fail to appear and answer
said complaint as above required, the said plaintiff will take
judgment against you for the sum of one hundred and fifty
dollars and costs of suit."

It does not appear from the record what action, if any, was
taken on said motion to quash the summons. That portion of
the proceedings was probably not brought here, because it is no
part of the judgment roll, where judgment is entered on default
of defendant. (§ 306, Code Civ. Proc.) Judgment was taken
for the sum of one hundred and fifty dollars and costs, upon
the default of defendant. This appeal, being from the judg-

ment, brings up for examination the judgment roll, which in this case should. contain "the summons, with the affidavit or proof of service, and the complaint, with a memorandum indorsed upon the complaint that the default of the defendant in not answering was entered, and a copy of the judgment." (Subd. 1, § 306, Code Civ. Proc.) The judgment roll, therefore, should be reviewed on the points of error assigned.

1. We think the summons is sufficient in its statement of the "cause and general nature of the action," as contemplated in section 68 of the Code of Civil Procedure. But as to the notice contained in the summons, it will be seen, when looked at in connection with the cause of action stated in the complaint, that such notice is not in conformity with the requirements of said section. The statute (§ 68, Code Civ. Proc.) provides: "*Fourth*, in actions arising on contract for the recovery of money or damages only, a notice that unless the defendant so appears and answers, the plaintiff will take judgment for the sum demanded in the complaint, stating it. *Fifth*, in other actions, a notice that unless defendant so appears and answers, the plaintiff will apply to the court for the relief demanded in the complaint."

Now, it is clear that this is not "an action arising on contract for the recovery of money or damages." It is clearly an action for the wrongful or tortious taking and conversion of the personal property alleged to belong to another. The cause of action arose, according to the complaint, not by virtue of any covenant or agreement, or contractual relations existing between the parties, but by the commission of a tort. (2 Sedgwick on Damages, 492; Cooley on Torts, 2.) The remedy for such an injury lies in the application of principles of law, which have been aptly termed, by an eminent and discriminating jurist, "non-contract law." (Bishop's Non-Contract Law, 396.) It is true, as argued by respondent's counsel, that where the goods of one are wrongfully taken and converted by another, the party aggrieved may waive the tort, treat the taking as rightful, and sue as on contract for the value of the goods. (Cooley on Torts, 2; Bishop's Non-Contract Law, §§ 72–78.) But in the case at bar no such action is brought. This action is for damages for the wrongful taking and conversion of the prop-

erty described. (2 Estee's Pleading and Practice, §§ 2098–2120.) It follows that, as the action is not one arising on contract for the recovery of money or damages, the notice in the summons should have substantially followed the provision set forth in subdivision 5, section 68 of the Code of Civil Procedure. This statute has been held to be mandatory, and that it should be substantially complied with. (*Dyas* v. *Keaton*, 3 Mont. 495; *Sweeney* v. *Schultes*, 19 Nev. 53; *Odell* v. *Campbell*, 9 Or. 298; *Lyman* v. *Milton*, 44 Cal. 630; *Ward* v. *Ward*, 59 Cal. 139.)

The distinction between actions arising on contract for the recovery of money or damages only and other actions is so plain it does not require professional knowledge to perceive it. And the distinction made in the notice required by statute appears to be an important one in the mind of the framers of the Code, because by section 245 it is provided that, where no answer is filed within the time required, "in an action arising upon a contract for the recovery of money or damages only, . . . . the clerk, upon the application of the plaintiff, shall enter the default of defendant, and immediately thereafter enter judgment for the amount specified in the summons, including costs. . . . . In other actions, if no answer has been filed with the clerk within the time specified in the summons, or such further time as may have been granted, the clerk shall enter the default of the defendant;" and thereafter the plaintiff may apply to the court for the relief demanded in the complaint. It is to be observed that by this statute in the one class of actions the clerk may enter the default and judgment, while in the other the clerk enters the default, but the plaintiff must apply to the court for the relief demanded in the complaint. The notice required to be in the summons is based upon the same distinction, and ought to be observed.

2. It is contended by appellant that the complaint fails to state a cause of action. The complaint might have been held sufficient if the defendant had appeared and answered, and a trial been had, because its defects might have been cured by such proceedings. But it has no such aid, and, standing alone, is fatally defective in not showing by its allegations that the plaintiff was the owner of the property described *at the time* the

same was taken and converted by defendant. The complaint alleges that plaintiff, on the eighth day of May, "was, and is now," the owner of the property. It is then alleged that, "on or about the 12th of May," the defendant took and converted said property. It might be granted, in respect to certain property, that *on the 8th of May, and now,* i. e., when suit is brought, the plaintiff owned the property, and still he may not have owned it at all on the 12th of May. It is essential to this action that the ownership of the property be in the plaintiff or his predecessor in interest at the time the conversion took place (Bishop's Non-Contract Law, 396–408), and this ought to be alleged with certainty. (Boone on Code Pleading, § 136; *Smith* v. *Force,* 31 Minn. 119.) If the pleader had referred to such familiar works as Estee's Pleading for guidance, he would have found that the allegation of ownership is set down as of a certain date, and the allegation of conversion is laid "on said" date. (2 Estee's Pleading and Practice, § 2098.)

*It is ordered* that the judgment be vacated and set aside at the cost of respondent, and that he be granted leave to amend his complaint, and otherwise proceed in said action as provided by law.

*Judgment vacated.*

BLAKE, C. J., and DE WITT, J., concur.