## HARMON, RESPONDENT, v. FOX, APPELLANT.

### (No. 1,966.)

(Submitted October 20, 1904. Decided November 28, 1904.)

*Pleading — Complaint — Sufficiency — Answer — Waiver of Objections to Complaint.*

1. Code of Civil Procedure, Section 570, requires every action to be prosecuted in the name of the real party in interest. A count of a complaint alleged that plaintiff granted to defendant the privilege of selling certain articles at a specified race track for a certain time, and that defendant used the privilege for such time, that it was reasonably worth a specified sum, that plaintiff owned the claim against defendant, and that defendant refused to pay. *Held,* that the count was not subject to an objection that it did not state a cause of action, on the ground that it did not allege that plaintiff was the owner of the privilege granted, that there was no allegation of value, and that it was not alleged that the sum claimed had not been paid.

2. Where the complaint in an action to recover a sum alleged to be due plaintiff for a privilege granted defendant to sell certain articles in a certain territory was defective with reference to an allegation of nonpayment by defendant, the defect was cured by defendant's answer admitting nonpayment.

3. Whatever is necessarily implied from an express allegation in a pleading need not otherwise be averred.

*Appeal from District Court, Silver Bow County; E. W. Harney, Judge.*

ACTION by Joe V. Harmon against J. F. Fox. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Mr. H. Lowndes Maury,* for Appellant.

*Mr. George A. Clark,* and *Mr. J. Bruce Kremer,* for Respondent.

MR. COMMISSIONER POORMAN prepared for the court the following opinion:

This is an appeal from a judgment, and from an order overruling defendant's motion for a new trial.

1.  The complaint is in two counts, and alleges, substantially, in the first count:

First.  That plaintiff granted to defendant the exclusive privilege of selling certain articles of merchandise at the Butte race track for a period of forty-three days, and that defendant promised and agreed in writing to pay the sum of $550 therefor, payable in installments; the last payment to be $185 on August 25, 1901.

Second.  That defendant received the privilege, and used and enjoyed the same during said period; that plaintiff is the owner of defendant's written promise, but that defendant neglected and refused to pay plaintiff said $185, or any part thereof.

In the second cause of action it is alleged that plaintiff granted to defendant the exclusive privilege of selling certain articles of merchandise at the Butte race track for the period of thirteen days in the months of August and September, 1901, and that defendant used and enjoyed said privilege for said time; second, said privilege was reasonably worth the sum of $166.27; third, plaintiff now owns said claim against defendant, and said claim is payable, and defendant refuses to pay the said sum, or any part thereof.

The defendant, in answering the complaint, admits the execution of the agreement named in paragraph 1 of the plaintiff's first cause of action; admits that he received and exercised the privilege of selling the merchandise therein named for the period of forty-three days, and for the further period of thirteen days; but claims that the thirteen days were included in the original contract, and that plaintiff is not entitled to any extra pay therefor.

The written agreement by which plaintiff granted to defendant this privilege is as follows: "I, the undersigned, hereby agree to give to J. F. Fox the exclusive privilege of selling fruits, candies, peanuts, popcorn and gum at the Butte race track for the racing season of 1901, the said racing season to consist of forty-three racing days.  Upon payment of five hun-

dred and fifty ($550) dollars, in payment as follows: One hundred and eighty-five dollars one day before races start. One hundred and eighty dollars the 1st of August, and the balance, one hundred and eighty-five dollars, on August 25th." There is also in evidence a written agreement, in similar form, by the terms of which defendant agreed to pay the sum of $550 to plaintiff.

The defendant attacks the second count in the complaint as not stating facts sufficient to constitute a cause of action, for the reason that it is not alleged in that count that the plaintiff was the owner of the privilege granted, and that the complaint does not allege that the sum claimed has not been paid, and that there is no allegation of value.

The first two objections raise questions of pleading—as to whether paragraphs numbered 1 and 3 in the second cause of action contained sufficient allegations of ownership in the plaintiff and nonpayment by defendant. These allegations are to the effect that plaintiff granted to defendant certain privileges, and is the owner of the claim against defendant therefor. Construing these terms in connection with other allegations of the complaint, the meaning undoubtedly is that the plaintiff sold certain privileges to the defendant; that the defendant accepted the same, and acted thereon.

It is a principle of pleading that whatever is necessarily implied from an express allegation need not be otherwise averred. (*Baysinger* v. *People,* 115 Ill. 419, 5 N. E. 375.) "If facts are pleaded from which an ultimate fact necessarily results, it is the same as though such ultimate fact were specifically pleaded." (Boone, Code Pleading, par. 10.) "Facts necessarily implied should not be stated." (Bliss, Code Pleading, par. 176.)

Our statute requires every action to be prosecuted in the name of the real party in interest. (Section 570, Code of Civil Procedure.)

In *Russell* v. *Clapp,* 7 Barb. 482, it is said that it is "enough for the plaintiff to allege the sale and delivery of the goods. * * * If the defendant would avoid the plaintiff's right to recovery by showing that some other person, and not the plaintiff, is the real party in interest, he must state in his answer such facts as, when established by proof, will enable the court to say, as a matter of law, that the plaintiff is not the real party in interest." See, also, *Evans' Adm'r* v. *Exchange Bank,* 79 Mo. 182; *Duzan* v. *Meserve,* (Ore.) 34 Pac. 548.

In *Phillips* v. *Bartlett,* 9 Bosw. (N. Y.) 678, the complaint alleged: "'The plaintiff sold and delivered to defendant, at his special instance and request, a large * * * quantity of boots and shoes,' of a certain value, and that there is due and unpaid therefor 'a certain sum, which the defendant promised to pay the plaintiffs, but, though often requested' by them, has wholly refused to pay it." A demurrer was filed on the ground that the complaint did not state facts sufficient to constitute a cause of action, but the court held the complaint good as to the allegations of ownership and nonpayment.

We do not think the complaint is open to the objection made. Furthermore, in this particular case, the complaint not having been demurred to, the plaintiff testified on the trial, without objection, that he was the owner of this privilege at the time he made the grant to the defendant, and the answer admitted that the defendant had not paid the sum demanded for this extra thirteen days. If the complaint is defective with reference to the allegation of nonpayment, it was cured by the allegations of the defendant's answer. (*Grogan* v. *Valley Trading Co.,* 30 Mont. 229, 76 Pac. 211.)

Paragraph 2 of the second cause of action consists of a direct allegation as to the reasonable value of this privilege.

Certain minor objections are mentioned in the specification of errors, but are entirely ignored in the argument. We will say, however, that there is nothing ambiguous about this contract as to the time limit therein mentioned.

We think the judgment and order appealed from should be affirmed.

PER CURIAM.—For the reasons stated in the foregoing opinion, the judgment and order are affirmed.

*Affirmed.*