## JONES et al. v. WINSOR.

In an action for conversion the complaint must allege ownership or possession of the property in plaintiff at the time of the conversion

Though the Code has abolished forms of action, and only requires that the facts shall be stated concisely, distinctions between actions as they formerly existed cannot be entirely ignored, and a complaint should be framed on the theory that it is either a complaint in tort or one ex contractu, and a complaint stating a cause of action for money had and received and for the conversion thereof cannot be sustained on demurrer.

Where a complaint, in an action against an attorney for his failure to repay to his client money received from him, states a cause of action for money had and received and contains allegations as to the conversion by the attorney of such money, the court on demurrer to the complaint cannot treat the allegations as to conversion as surplusage and hold the complaint good as stating an action for money had and received.

A complaint which alleged that plaintiff employed defendant as attorney, that plaintiff delivered to him money to be given to a third person for a specified purpose, that, on the purpose not being accomplished, the money was repaid to defendant, that defendant retained a part of the money for services, that his charge for services in excess of a specified sum was unlawful and fraudulent, did not state a cause of action, under Rev. Code Civ. Proc. § 157, subd. 2, authorizing an action for money embezzled or fraudulently misapplied by an attorney, since the allegation that the attorney's charges in excess of the specified sum were unlawful and fraudulent was not equivalent to an allegation that he embezzled or misapplied the money of plaintiff.

(Opinion filed, Nov. 25, 1908.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by J. M. Jones and others against C. H. Winsor. From an order overruling a demurrer to the complaint, defendant appeals. Reversed.

*Winsor & McNaughton,* for appellant.

The complaint does not state facts sufficient to constitute a cause of action in trover, or conversion. The complaint nowhere alleges ownership by the plaintiffs of the property alleged to be converted at the time the action was brought, nor alleges ownership or possession of the property in the plaintiff at the time it is alleged to have been taken. Smith v. Force, 16 N. W. 704; Citizens Bank v. Land Co., 3 S. W. 902; Sawyer v. Robertson, 28 Pac. 456; Keneth v. Peters, 37 Pac. 999; Irving v. Hubbard, 12 S. D. 67, 80 N. W. 156. The complaint or any single count of it, may not be framed with a double or more number of aspects, or to unite·many distinct and incongruous causes of action in order to hit the exigencies of the plaintiff's cause or any possible demands of his proof at the trial if it is challenged on demurrer. Supervisors v. Decker, 30 Wis. 624; Pierce v. Carey, 37 Wis. 232; Lane v. Cameron, 38 Wis. 603. ·

*Grigsby* & *Grigsby,* for respondent.

The different allegations in the complaint taken together with the summons show that the intention of the pleader was to charge the defendant in tort and thus make him liable to an execution under the sections of the Code of Civil Procedure entitled "Arrest and Bail." It was not intended in the complaint in this action to state a cause of action in trover or conversion, but it was intended to state a cause of action for moneys had and received by the defendant while acting in a fiduciary capacity, for the use and benefit of the plaintiff, which moneys the defendant refused to deliver up on demand and therefore fraudulently converted to his own use. This is an action brought under subdivision 2 of section 157 of the Code of Civil Procedure and that it is an action for money received, by an attorney in the course of his employment as such, and that such money was received by said attorney when he was acting in a fiduciary capacity. See Abbott's Forms, Practice & Pleading, Vol. 1, p. 173-174; Estes Pleading, Practice and Forms, Vol. 1, 3rd Ed. (Forms 201, 202 and 203.); Enc. of Forms, Pl. & Pr. Vol. 12, p. 360-368; Cyc. Vol. 3, p. 909.

CORSON, J. This is an appeal by the ·defendant from an order overruling his demurrer to the complaint.

It is alleged in the complaint, in substance: That on or about the 1st of April, 1907, the plaintiffs, being desirous of securing a franchise for a city railway system in the city of Sioux Falls, employed the defendant to act as an attorney for them in securing or attempting to secure an ordinance from the city council granting the plaintiffs such license; that carrying out their purpose, or attempting to carry out the same, it became necessary for the plaintiffs to make a deposit with the city treasurer, and on said day the plaintiffs delivered to the defendant the sum of $2,500 to be by him deposited with the said treasurer of the city, and which money was so deposited, as appears by the receipt of the treasurer of said city copied in the said complaint; that on or about the 4th day of April the defendant received a further sum of $130, which was to be used by the defendant for these plaintiffs in securing or attempting to secure the said franchise; that the said franchise which plaintiffs were attempting to secure from said city was not granted to these plaintiffs, and thereupon, about the 17th day of April, the city treasurer returned to the defendant the said sum of $2,500 "as money belonging to these plaintiffs and for their use and benefit"; that on or about the same day the said defendant rendered to these plaintiffs an account of all moneys received by him for and on account of these plaintiffs, with an itemized statement of all disbursements, and in connection therewith a pretended charge for his services or fee of $1,250, and with said account was a draft drawn in favor of the plaintiffs for $1,012.25; that the pretended charge of the defendant of the sum of $1,250 as shown upon said account and alleged to be for services rendered by him is unjust, unlawful, and fraudulent, and the reasonable value of the services rendered by the defendant was not and is not of the value of more than $250; that of the moneys so received by the defendant for and on behalf of these plaintiffs and for their use and benefit there remains in his hands the sum of $1,000, which he has refused and still refuses to pay over to these plaintiffs, although frequently requested so to do, and "he has wrongfully and fraudulently converted to his own use the said sum of $1,000"; that on or about the 10th day of September, 1907, the plaintiffs demanded of the said defendant payment of the aforesaid sum of money, being "the

amount wrongfully and fraudulently retained by the said defendant at the time he made to the plaintiffs his accounting as aforesaid," and remitted to them by draft the sum of $1,012.25, with interest upon the said sum from April 17th, "but the said defendant then and there refused and still refuses to pay the same or any part thereof to the plaintiffs and has wrongfully converted the same to his own use." Wherefore "plaintiffs demand judgment against the said defendant for the sum of $1,000 and interest thereon from the 17th day of April, 1907, for the wrongful conversion of said property and for the costs of this action." To this complaint the defendant interposed a demurrer on the ground that "said complaint does not state facts sufficient to constitute a cause of action."

It is contended by the appellant that the complaint does not state facts sufficient to constitute a cause of action in trover or conversion, for the reason that the complaint nowhere alleges ownership by the plaintiffs of the property alleged to have been converted at the time the action was brought; nor does it allege ownership or possession of the property in the plaintiffs at the time it is alleged to have been converted which is absolutely essential in the form of action. Assuming that the complaint in this case was intended to state an action for the conversion of this money by the defendant, it is clearly insufficient in not alleging that the plaintiffs, at the time the defendant is charged with having converted it, were the owners or in possession of the money so alleged to have been converted. In Irving v. Hubbard et al, 12 S. D. 67, 80 N. W. 156, this court, in discussing a similar question, uses the following language: "In actions for conversion the pleader must, of course, allege ownership or possession of the property in the plaintiff at the time it is alleged to have been taken." Smith v. Force, 31 Minn. 119, 16 N. W. 704; Sawyer v. Robertson, 11 Mont. 416, 28 Pac. 456; Kennett v. Peters, 54 Kan. 119, 37 Pac. 999, 45 Am. St. Rep. 274. But it is somewhat difficult to determine from the complaint whether the plaintiffs intended that their action should be for a tort or one ex contractu, as the complaint seems to have been framed with a double aspect. Taking a general view of the allegations of the complaint, it would seem that the pleaders intended to state a cause of action as for money had and received; but looking at the

complaint in another aspect, and giving effect to some of the allegations therein, it would seem that the pleaders intended it as an action in conversion, in the nature of the old action of trover.

It is contended by the respondent, in support of the ruling of the court below upon the demurrer, that the action is to recover money had and received by the plaintiffs, and that the allegations contained in the complaint alleged the fraudulent conversion of the property, etc., may be treated as surplusage. Such a complaint, framed with a double aspect or to unite distinct and incongruous causes of actions, cannot be sustained on demurrer. While our Code has abolished forms of pleading, and only requires that the facts shall be stated in a plain and concise manner without unnecessary repetition, still the distinctions between actions as they formerly existed cannot be entirely ignored. In Pierce v. Carey, 37 Wis. 232, the learned Supreme Court of Wisconsin, speaking by Chief Justice Ryan, quotes with approval the language of Chief Justice Dixon in the case of Supervisors of Kewaunee County v. Decker, 30 Wis. 624, as follows: "Dixon, C. J. It would certainly be a most anomalous and hitherto unknown condition of the laws of pleading, were it established that the plaintiff in a civil action could file and serve a complaint, the particular nature and object of which no one could tell, but which might and should be held good, as a statement of two or three or more different and inconsistent causes of action, as one in tort, one upon money demand on contract, and one in equity, all combined or fused and moulded into one count or declaration, so that the defendant must await the accidents and events of trial, and until the plaintiff's proofs are all in, before being informed with any certainty or definiteness, what he was called upon to meet. The proposition that a complaint, or any single count of it, may be so framed with a double, treble, or any number of aspects looking to so many distinct and incongruous causes of action, in order to hit the exigencies of the plaintiff's case or any possible demands of his proofs at the trial, we must say, strikes us as something exceedingly novel in the rules of pleading. We do not think it is the law, and, unless the Legislature compels us by some new statutory regulation, shall hereafter be very slow to change this conclusion." The learned justice then proceeds

in his opinion as follows: "Golden words, which should ever be present to the mind of every pleader under the Code, which was designed to substitute a plain and concise statement of causes of action, and of defenses, for the intracacies of pleading at common law. All that goes to the administration of justice should be definite and certain. This is almost equally essential to the claim, the defense, and the judgment. When these become vague and loose, the administration of justice becomes vague and loose, with a tendency to rest, not so much on known and fixed rules of law, as on capricious judgment of the peculiarities of each case—on a dangerous and eccentric sense of justice, largely personal to the judges, varying as cases vary, rather than on abiding principles of right, controlling equally the judgments of courts and the rights of suitors. And it is time that those who administer the Code should recur to its policy of plain and direct certainty, and rescue it from prostitution to uncertain administration, to duplicity and ambiguity, and all the juridical evils of loose and uncertain administration, more dangerous to even and uniform justice than the worst technicalities of the most intricate system. Simplicity, not uncertainty, is the object of the Code, and pleadings under it should be as certain in substance as they were before it—more certain in form, because freed from technical formality. * * * This distinction of actions in tort and on contract is as essential under our present practice as it ever was." But little can be added to this clear and comprehensive statement as to the nature of the pleadings under the Code.

It will be observed in the case at bar that the plaintiffs intrusted $2,500 to the defendant to be deposited with the city treasurer, and that the purpose for which it was deposited not having been accomplished, the money was returned to the defendant, and a statement made by him of the account between himself and the plaintiffs was furnished them, and a draft turned over to them for the amount less the sum claimed as expended by him and the amount of his fee for services. It is then alleged that there remains in the hands of the defendant the sum of $1,000, "which he has refused and still refuses to pay over to the plaintiffs, although formally requested so to do, and that he has wrongfully and fraud-

ulently converted to his own use the said sum of $1,000; that the plaintiffs have demanded payment of the said sum, "being the amount wrongfully and fraudulently retained by the said defendant at the time he made to the plaintiff's his accounting as aforesaid"; that the said defendant has remitted to the plaintiffs the sum of $1,012.25, but "the said defendant then and there refused and still refuses to pay the same or any part thereof to the plaintiffs, and has wrongfully converted the same to his own use"; and that the complaint concludes with a demand for judgment for the said sum of $1,000 "for the wrongful conversion of said property and for the costs of this action."

As before stated, it is contended by the respondents that these allegations for conversion, etc., may be treated as surpluage, and the complaint held good as an action in assumpsit for money had and received; but in our opinion we would not be justified in holding that these allegations constitute mere surplusage and might be disregarded by the court.  To so hold would introduce into the law too much uncertainty and ambiguity in pleading which would have a tendency to mislead the courts and the opposing party.  A complaint should be framed upon the theory that it is either a complaint in tort or one ex contractu, and the two theories cannot be combined in one action; neither can an action at law and an action in equity be combined in one count in the same action.  As was stated in the headnote in the case of Supervisors of Kewaunee County v. Decker, supra: "A single count of a complaint cannot be permitted to combine several causes of action of different kinds —as one in tort, one for money demand on contract, and one in equity. * * * On demurrer to a complaint, or any count thereof, the court must determine what cause of action such complaint or count is designed to state, and then whether it states facts sufficient to constitute such a cause of action; and, if not, the demurrer must be sustained, though facts may be stated sufficient to show that plaintiff has a cause of action of a different character."

It is further stated by the respondent's counsel in their brief as follows: "We claim that this is an action brought under sub-division 2 of section 157 of Revised Code of Civil Procedure, and that it is an action for money received by an attorney in the course

of his employment as such, and that such money was received by such attorney when he was acting in a fiduciary capacity." Section 157 provides as follows: "The defendant may be arrested as hereinafter prescribed in the following cases: * * * (2) In an action for a fine or penalty or on a promise to marry, or for money received or for property embezzled or fraudulently misapplied, by a public officer or by an attorney, solicitor, or counselor." In our opinion the facts stated do not bring the case within this provision of the Code. It will be observed that there are no allegations in the complaint that the defendant embezzled this money, the sum claimed to be due, or that he misapplied the funds paid over to him by the county treasurer. The only claim apparently made being that the defendant had charged more for his services as attorney in the action than he was entitled to charge, and for that reason he was indebted to the plaintiffs in an amount in excess of $250, which the plaintiffs admitted the defendant was entitled to charge, the real controversy between the parties would seem to be over the value of the defendant's services while acting as an attorney for the plaintiffs. The allegation that he charged in excess of $250, which was unlawful and fraudulent, cannot be treated as equivalent to an allegation that he embezzled or misapplied the money belonging to the plaintiffs. This last claim on the part of the plaintiffs and appellants cannot, in our opinion, be sustained.

We have examined with care the decisions cited by the appellants counsel from the courts of New York, but in our view all these cases cited are clearly distinguishable from the case at bar.

The order of the circuit court overruling the demurrer is reversed.