## MURPHY, RESPONDENT, *v.* JOHNS, APPELLANT.

(No. 3,993.)

(Submitted April 29, 1919. Decided May 28, 1919.)

[182 Pac. 115.]

*Official Bonds—Justices of the Peace—Complaint—Inferences— Suretyship—Estoppel—Presumptions.*

Action on Official Bond—Justices of the Peace—Complaint—Sufficiency.

1. The complaint in an action on the bond of a justice of the peace to recover cash bail deposited with the justice, alleging that on a certain date the justice was by the board of county commissioners duly appointed and thereafter qualified, and "ever since has been and is now a duly appointed, qualified, and acting justice of the peace" of a named township, was sufficient against the objection that it did not show that the justice was ever in fact such.

Same—Sureties—Estoppel.

2. The obligors on an official bond are estopped to deny the regularity of his election or appointment, or his title to the office.

Same—Complaint—Sufficiency.

3. Allegation that a justice of the peace "qualified by giving bond * * * with E. and J. as sureties upon said bond, and by taking his oath of office" *held* sufficient as against the objection that it did not show that J. ever executed or delivered any bond as surety for the officer.

Pleading—Inferences.

4. If facts are pleaded from which an ultimate fact must result, it is not necessary to specially plead such fact.

Same—Official Duty—Presumptions.

5. The presumption obtains that the law was obeyed and official duty regularly performed. (Rev. Codes, sec. 7962, subds. 15, 33.)

Action on Official Bond—Complaint—Insufficiency.

   6. In an action against the surety on the bond of a justice of the peace to recover cash bail deposited with him, the complaint was insufficient for failure to allege that such bail came into defendant's hands during the time the surety was bound under his contract. (Mr. Chief Justice BRANTLY dissenting.)

Same—Sureties—Extent of Liability.

   7. The sureties on an official bond are not answerable for anything not within the strict letter of their contract.

   [As to liability of surety on bond of public officer for acts wholly outside official duty, see note in Ann. Cas. 1912C, 581.]

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

ACTION by John M. Murphy against John H. Johns and others. Judgment for plaintiff and defendant Johns appeals. Reversed and remanded.

*Mr. James H. Baldwin,* for Appellant, submitted a brief and argued the cause orally.

No appearance in behalf of Respondent.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action brought by John M. Murphy against Richard J. Dwyer, as principal, and Francis J. Early and John H. Johns, as sureties, on the official bond of Dwyer, as justice of the peace of South Butte Township, Silver Bow County, to recover the sum of $500 alleged to have been deposited by plaintiff with defendant Dwyer as cash bail for his appearance in a criminal proceeding instituted and pending before Dwyer as such justice of the peace. The appellant, failing to appear and answer or plead after service of summons, judgment by default was entered against him in the sum of $500 and costs. Appeal from the judgment.

The complaint alleges the appointment of Dwyer by the board of county commissioners on or about February 9, 1916; that he "thereafter qualified, and ever since has been and now is a duly qualified and acting justice of the peace"; that he qualified by giving bond to the state in the sum of $2,000, with the defendant

Johns as one of the sureties, and by taking the oath and filing his said bond with the county clerk, a copy of which is attached to the complaint; that plaintiff, on or about April 5, 1916, was by a complaint duly verified, and filed before defendant Dwyer as justice of the peace, charged with second degree assault and his bail fixed at $500; that on the same day plaintiff deposited with Dwyer as such justice of the peace $500 as cash bail for his appearance in said court to answer. and plead to the complaint "and to obey any orders the court should make in said cause"; that such proceedings were thereafter had that on July 10, 1916, the complaint was dismissed and Murphy discharged; that on the following day "plaintiff demanded of and from the defendant Richard J. Dwyer the said sum, but that ever since hitherto said defendant has wholly failed and neglected to return said money to this plaintiff"; that on or about July 22 plaintiff demanded of defendants Early and Johns, as sureties upon the official bond of Dwyer, that they pay the moneys heretofore deposited as bail, but that "each of them have and did refuse, fail, and neglect to pay said moneys to this plaintiff, and continue so to do." A prayer for judgment for the sum of $500 follows.

Appellant challenges the sufficiency of the complaint in six particulars:

First.   That it does not appear from the complaint that Dwyer [1]   was ever in fact a justice of the peace. Its allegations in this respect are: "That on or about February 9, 1916," defendant Dwyer "was by the board of county commissioners  *   *   * duly appointed, and thereafter qualified, and ever since has been and is now a duly appointed, qualified, and acting justice of the peace of South Butte Township." The last sentence must be construed as relating to the time of the filing of the complaint. (*Ferrat* v. *Adamson*, 53 Mont. 172, 178, 163 Pac. 112.)   This, aided by the statutory presumptions, was sufficient.   (Rev. [2]   Codes, sec. 7962, subds. 15, 33.)   Further than this: The obligors on an official bond are estopped from denying the regularity of the officer's election or appointment, or to deny his title to the office.   (Throop on Public Officers, sec. 288.)

The second point urged is that it does not appear from the [3] complaint that Johns ever executed or delivered any bond as surety for Dwyer. Paragraph 2 of the pleading alleges that Dwyer "qualified by giving bond to the state of Montana in the sum of $2,000, with the defendants Francis J. Early and John H. Johns as sureties upon said bond, and by taking his oath of office." In *Sam Yuen* v. *McMann,* 99 Cal. 499, 34 Pac. 81, an allegation in these words: "That defendant McMann, as principal, and the other defendants, as sureties, made and delivered the official bond of the defendant McMann, as sheriff, * * * by which the defendants became jointly and severally bound for the faithful performance by the said McMann of his official duties as sheriff"—was held sufficient to show a liability upon the part of the defendants, as sureties, upon such official bond, and that they became liable for any wrongful act or default of their principal in his official capacity. (See, also, Chapter 8, Art. IX, Pol. Code, title "Bonds of Officers.") "If facts are [4, 5] pleaded from which an ultimate fact necessarily results, it is the same as though such fact were specifically pleaded." (Boone on Code Pleading, par. 10; *Harmon* v. *Fox,* 31 Mont. 324, 78 Pac. 517.) Presumptively the law in this regard was obeyed and official duty regularly performed. (Rev. Codes, sec. 7962, subds. 15, 33; Throop on Public Officers, sec. 300.) The law above stated is a complete refutation of the contentions in support of the second specification of error.

As to the third contention urged by appellant, *viz.:* It does [6] not appear from the complaint that defendant Johns was surety on April 5, 1916, when the money is alleged to have been deposited with Richard J. Dwyer, or at any time thereafter. The only allegations of the complaint in this regard are found in paragraphs 2 and 7, as follows: That Dwyer qualified on or about February 9, 1916, "by giving bond to the state of Montana in the sum of $2,000, with the defendants Francis J. Early and John H. Johns as sureties upon said bond, and by taking his oath of office, all of which will more fully appear by said bond," *etc.* In

paragraph 7 of the complaint a demand on the bondsmen is alleged "as sureties upon the official bond of said defendant."

The sureties on an official bond are not answerable for anything **[7]**   not within the strict letter of their contract, and their liability must be found within the terms of their agreement and the purposes contemplated by the law requiring the bond. To hold a surety upon an official bond for money charged against the principal, it should be made to appear that such money came into the hands of the principal during the time within which the surety is bound. In this respect the complaint is insufficient.

In *Ferrat* v. *Adamson, supra,* Mr. Justice Holloway, speaking for this court, said: "The allegation of the complaint which seeks to fasten liability upon the company [surety] is to the effect that on January 1, 1913, Adamson gave an official bond as constable, and that the American Surety Company 'is surety upon said bond.' This last phrase must be construed as referable to the time when the complaint was filed, November 20, 1914. It may have been the intention of the pleader to allege that the surety company became surety on such bond on January 1, 1913; but, whatever his intention, he failed to state the fact, and even if he had succeeded in carrying his intention into effect, it would still have been insufficient, for a surety on an official bond may withdraw therefrom at any time. (Sec. 401, Rev. Codes.) To charge that the company is now—November 20, 1914—surety on such bond does not imply that it sustained that relationship at any time previously, and certainly does not imply that it was surety at the time of the alleged wrongful acts of the constable. Further discussion is foreclosed by the decision of this court in *Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456."

As to the fourth, fifth and sixth specifications of error: Paragraphs 3, 4 and 5 of the complaint allege that plaintiff was arrested upon a complaint and warrant, and his bail fixed at the sum of $500; that cash in that amount was deposited with the justice to insure his appearance, plead and obey the orders of the justice, and that the proceedings resulted in a dismissal of the complaint and the discharge of plaintiff, Murphy. Para-

graphs 6 and 7 allege a refusal, failure, and neglect to pay the money deposited as bail, in language implying but one meaning, and that: a breach on the part of the principal, Dwyer, to return the money rightfully belonging to plaintiff.   We see no merit in the contentions of insufficiency of the complaint based upon these specifications.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Mr. Justice Holloway concurs.

Mr. Chief Justice Brantly: I dissent.   It appears from the allegations of the complaint that the defendant Johns (appellant) was one of the sureties on the official bond of Dwyer on February 9, 1916.   The presumption of law is that "a thing once proved to exist continues as long as is usual with things of that nature."   (Rev. Codes, secs. 7962, subd. 32.)   Nothing else appearing, I think that, when one is shown to have become a surety upon an official bond, the presumption attaches that his obligation continues during the term of office.   I am therefore of opinion that the complaint is sufficient, and that the judgment should be affirmed.

In my opinion, neither the case of *Sawyer* v. *Robertson*, 11 Mont. 416, 28 Pac. 456, nor *Ferrat* v. *Adamson*, 53 Mont. 172, 163 Pac. 112, cited by Mr. Justice Cooper, is in point.   It is true the statute permits a surety on an official bond to withdraw at any time.   I think, however, that the fact that the surety has withdrawn is a matter of defense.