BILLS, Respondent, v. HYDE, Appellant.

(205 N. W. 708.)

(File No. 5571.   Opinion filed November 9, 1925.)

1. **Principal and Agent—Accounting—Agent Must Account For Money Received From Principal.**

   It is duty of agent to account for money of his principal received by him.

2. **Principal and Agent—Trusts—Accounting—Principal May Secure Accounting of Funds Left With Agent for Investment, Although Not Expressly Provided for in Contract.**

   Measures taken in good faith by principal to secure proper accounting, and to assure himself of its propriety, will not be

violation of contract for investment of funds, though they may not be in its express terms.

3. **Principal and Agent—Trusts—Agent Has No Right to Retain Security Purchased for Principal, in Absence of Express Agreement.**

Agent agreeing to invest money for principal in 8 per cent securities, which he guaranteed, has no right to retain securities unless empowered to do so by express terms of contract.

4. **Principal and Agent—Complaint—Pleadings—Complaint for Accounting of Funds Left With Agent for Investment Held to State Cause of Action.**

Complaint, alleging that defendant had induced plaintiff to turn over sums of money to him for which he was to purchase 8 per cent securities and guarantee investment, and that demand had been made for delivery of securities and accounting, which defendant had refused, held to state cause of action for accounting.

5. **Pleading—Complaint—Demurrer—Complaint in Action for Accounting Held not to State Double Cause of Action.**

Complaint in action for accounting of funds deposited with defendant, with agreement that he should invest them, and asking for accounting, held not to state double cause of action, notwithstanding that it alleged that defendant converted funds to own use.

6. **Pleading—Demurrer—Recourse Must Be Had to Entire Pleading to Determine Its Character.**

Recourse must be had to entire pleading to determine its character, including the prayer.

7. **Pleading—Demurrer—Use of Technical Words Not Sufficient to Change Character of Action.**

Mere use of certain technical words, describing facts relied upon, is not sufficient to change character of action.

Appeal from Circuit Court, Hughes County; Hon. John F. Hughes, Judge.

Action by Emma J. Bills against Charles L. Hyde. From an order overruling a demurrer to the complaint, defendant appeals. Affirmed.

*Fuller & Robinson,* of Pierre, for Appellant.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Respondent.

(5) To point five of the opinion, Appellant cited: Jones v. Winsor, 22 S. D. 480.

BURCH, C.   Defendant demurred to plaintiff's complaint on the grounds that several causes of action have been improperly united, and that it does not state facts sufficient to constitute a cause of action.   The trial court overruled the demurrer, and from such order the defendant appeals.   The complaint alleges, in substance, that prior to the 6th day of February, 1920, defendant represented to plaintiff that he was in a position and desired to make certain investments for the said plaintiff of any funds she might be possessed of, and that, if the said plaintiff would furnish said defendant with such sums as she might have from time to time he would take the same, invest them for her in securities bearing interest at not less than 8 per cent per annum, and so arranged that she should receive therefrom said interest in monthly installments, and that he (the said defendant) would guarantee the safety of the said investment and the payments of the principal and interest thereon, as hereinbefore set forth; that plaintiff, relying on these representations, remitted to the defendant $1,500 on the 6th of February, 1920, $1,600 on the 12th of April, 1920, $1,700 on the 11th of March, 1921, $1,650 on the 14th of September, 1921, $350 on the 9th of November, 1921, in all the sum of $6,800; that thereafter defendant represented to plaintiff that he had invested and loaned the said money for her and held securities for the same; that plaintiff demanded of defendant that he account to her for the said sum and deliver the securities purchased therewith, but the defendant failed and refused to account to plaintiff in any manner whatever, and still refuses to do so; that no part of said sum or securities purchased has ever been paid to plaintiff except defendant has paid interest at 8 per cent per annum monthly thereon, up to and including the 1st of October, 1922; that plaintiff is informed and believes that defendant has not invested said sums in securities, but has converted the same to his own use, and has mingled them with his own money, and intends to keep and withhold the same from the plaintiff.   Then follows a prayer for an accounting and judgment against the defendant, requiring him to either deliver to plaintiff the securities purchased or repay the money with interest and for such other relief as the court may deem just.

[1-4]   It is argued by appellant that there is no intimation in the pleading that the defendant was obliged, as a matter of con-

tract or law, to deliver over any such securities, and, if he guar-- anteed the interest and the safety of the investment, that he has the right to retain the securities. The relation between the plaintiff and defendant is one of agency creating a trust relation. The plaintiff cannot allege more than the truth, or state the time when the securities were to be delivered, if in fact no time was mentioned as a part of the contract. We assume that the complaint states the truth, and that all the facts relative to the contract have been pleaded. Are such facts sufficient to create a contract upon which an action may be based and maintained? It is a well recognized duty of an agent to account for money of his principal received by him. The principal has the right to assure himself that the accounts are proper and correct. Measures taken in good faith by the principal to secure a proper accounting and to assure himself of its propriety are therefore not in violation of the contract, although they may not be in its expressed terms. As a rule, the funds are to be applied to the purposes of the agency, and the least turning aside of funds held in trust by the agent is legally a wrongful act. 21 R. C. L. 832, § 15. Upon the contention that the agent is entitled to retain the securities because of his guaranty, he has no such right unless by express terms of the contract he is empowered to do so. A guarantor's contract is independent of the contract between the holder of securities and the obligors thereon. We are satisfied that the complaint states a cause of action for an accounting.

[5-7] Defendant contends that the pleading is framed with a double aspect and is demurrable for that reason, citing Jones v. Windsor, 22 S. D. 480, 118 N. W. 716, in support of this contention. In that case this court apparently found that, while the complaint therein was framed with a double aspect, no cause of action was stated under either aspect, and sustained a general demurrer for that reason. Because the pleader in the case at bar uses the expression that the defendant has converted the funds to his own use, we do not think it sufficient to state a cause of action in conversion. Recourse must be had to the entire pleading to determine its character, including the prayer. The only relief asked is the usual relief in an action in equity for an accounting. The mere use of certain technical words describing the facts relied upon are not sufficient to change the character of the action. The pleader must specify the relief he desires.

The order of the circuit court overruling the demurrer is affirmed.